It follows that the interlocutory judgment must be affirmed, with costs, and with the usual leave to withdraw the demurrer and answer upon payment of the costs of appeal and of the trial court.

KELLOGG, J., not sitting.

In re NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Third Department. March 14, 1913.)

1. TAXATION (§ 496*)—ASSESSMENT—REVIEW—CERTIORARI—JURISDICTION.

Tax Law (Consol. Laws 1909, c. 60) § 293, provides that, if it shall appear on the return of a writ of certiorari to review any assessment complained of that it is illegal or erroneous or unequal, the court may order such assessment, if illegal, to be stricken from the roll, or, if erroneous or unequal, it may order a reassessment of the property of the petitioner or the correction of his assessment on the roll in whole or in part in such manner as shall be in accordance with the law, or as shall make it conform to the valuations and assessments of other property on the same roll, and secure the quality of assessment. *Held*, that the court is not authorized in striking an assessment from the roll merely because it is erroneous or unequal, but only in case it is illegal in the sense that it has been made by officers having no power to act.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

2. TAXATION (§ 496*)—ASSESSMENT—VALIDITY—ERRORS—REVIEW.

Where assessors of a village had jurisdiction of both relator and its real property situated within the village, and it was only claimed that they adopted an improper method of determining the value of relator's property, assessing it at a higher proportionate valuation than other property on the roll, and for that reason that the assessment was unequal and erroneous, it was not for that reason illegal, and should not have been stricken from the roll on certiorari, but the court should have ordered a reassessment as provided by Tax Law (Consol. Laws 1909, c. 60) § 293.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

Appeal from Special Term, Sullivan County.

In the matter of the application of the New York, Ontario & Western Railway Company for writ of certiorari to review an assessment on relator's property in the village of Centerville Station. From an order striking the assessment from the roll, the assessors and village clerk appeal. Reversed and remitted.

Argued before SMITH, P. J., and KELLOGG, LYON, and WOODWARD, JJ.

Henry Leon Slobodin, of New York City, for appellant.
Carpenter & Rosch, of Liberty, for relator.

LYON, J. The relator was assessed on the assessment roll of the village of Centerville Station, in the county of Sullivan, for the year 1912 in the sum of $30,000 on account of real property situated in said village upon which were located passenger and freight station

buildings and 1.27 miles of railroad track, consisting of side track and switches and of a portion of its main line extending from the city of Oswego to Cornwall on the Hudson river. On grievance day the relator appeared before the board of assessors and made application for a reduction in the amount of said assessment, filing with said board the affidavits of its tax agent and its attorney, alleging that said assessment was erroneous by reason of overvaluation and unequal, in that said relator's property was assessed at a higher proportionate valuation than other property on the roll, but making no statement, so far as the record discloses, as to the cost of replacing or the actual value of relator's property within said village. The assessors refused to reduce the assessment, whereupon relator, claiming that said assessment was unjust and unequal and hence made upon an illegal basis, obtained a writ of certiorari, upon the return of which the court granted an order striking said assessment from the roll as illegal. From such order this appeal has been taken.

From the petition and return, upon which said order was based, it appears that the village of Centerville Station having been incorporated the preceding year and being included within the boundaries of the town of Fallsburgh, the assessors adopted the assessment of said town of the last preceding year as far as practicable as to all property situated wholly within the village, and in arriving at the valuation of relator's real property the assessors adopted as a basis the fact that the relator's real property in the town of Fallsburgh consisted of four sets of station buildings and grounds and 13.07 miles of railroad, including telegraph lines, assessed at $165,000. The assessors valued each group of station buildings at $25,000 and each mile of railroad at $5,000, thereby arriving at $30,000 as the value of the real property of relator assessable in said village. The assessors also took into consideration the fact that the real property in school district No. 13, which embraced said village and less than two miles of track outside, was valued at $39,454.

[1] The only question involved upon this appeal is whether the assessment of relator's real property was illegal, or simply erroneous or unequal; for, if the latter only, the power of the court was limited to ordering a reassessment or the correction of the present assessment, to which end the court might take evidence or appoint a referee for that purpose. Only in case the assessment were illegal could the court order it stricken from the roll. Tax Law (Consol. Laws 1909, c. 60) § 293. I think the assessment cannot be held to have been illegal. The distinction between an erroneous and an illegal assessment is stated in National Bank of Chemung v. City of Elmira, 53 N. Y. 49, 58, as follows:

"The former is when the officers have power to act, but err in the exercise of the power. The latter is where they have no power to act at all."

See, also, People ex rel. Hermance v. Supervisors, 10 Hun, 545.

[2] Concededly the assessors had jurisdiction of both the relator and of its real property situated within the limits of Centerville Station. No claim is made by relator that the village was not legally incorporated, nor that the trustees acting as assessors were not legally

chosen, nor that the assessment roll was not made, deposited, complaints heard after due notice given, roll verified and filed, all as required by the Village Law (Consol. Laws 1909, c. 64). Adopting an improper method of determining the value of relator's property, assessing it at a higher proportionate valuation than other property on the roll or omitting to assess personal property of which the assessors may have had knowledge would render the assessment unequal and erroneous, but would not render the assessment illegal. The court should not therefore have ordered the assessment stricken from the roll, but should have corrected the present assessment in case the proofs taken by the court or by a referee appointed for that purpose required it. People ex rel. Manhattan Ry. Co. v. Barker, 146 N. Y. 304, 40 N. E. 996; People ex rel. Broadway R. Co. v. Feitner, 61 App. Div. 156, 70 N. Y. Supp. 452, affirmed 168 N. Y. 661, 61 N. E. 1132; People ex rel. Thomson v. Feitner, 168 N. Y. 441, 61 N. E. 763.

The order of the Special Term should be reversed, with costs to the appellant to abide the event, and the matter remitted to the Special Term to determine the issues raised by the petition and return. All concur.