748        People ex rel. Soeurbee, Inc., v. Purdy.

First Department, October, 1917.        [Vol. 179.

The People of the State of New York ex rel. Soeurbee, Incorporated, Appellant, v. Lawson Purdy and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

First Department, October 26, 1917.

**Tax — review of assessment by certiorari — review upon ground of " illegality " and " overvaluation " distinguished — total assessment only reviewable — assessment containing exempt property not reviewable for " illegality."**

The distinction between the review of an assessment by certiorari on the ground of " illegality " and a review on the ground of an error by reason of " overvaluation " is very substantial both as to the facts to be alleged in the petition and as to the judgment to be entered if the facts are established.

The total assessment only is reviewable by certiorari.

Where the assessment of a parcel of real estate over which the tax commissioners had jurisdiction included the value of a building which had been commenced since the preceding first day of October and was not at the time of assessment ready for occupancy, and was, therefore, expressly exempted from assessment by the statute, said assessment was erroneous for " overvaluation," but was not " illegal " within the meaning of the statute, and, therefore, a writ of certiorari seeking to review said assessment for " illegality " should be quashed.

A proceeding for a review of assessments by certiorari is statutory and technical and in order to avail of the statute persons aggrieved must conform to its requirements in matters of procedure.

Smith and Page, JJ., dissented, with opinion.

Appeal by the relator, Soeurbee, Incorporated, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of July, 1917, granting a motion to quash a writ of certiorari.

*Lawrence E. Brown*, for the appellant.

*William H. King*, for the respondents.

Scott, J.:

The relator seeks to review by certiorari the assessment of its real estate in the city of New York for purposes of taxation in the year 1917.

The objection to the assessment on the part of the relator is that there is included in the assessment the value of a building upon the real estate which had been commenced since the preceding first day of October and was not at the time of the assessment ready for occupancy. As the motion to quash necessarily admits the relevant facts alleged in the petition we must assume for the purposes of this appeal that these facts are true.

The objection taken to the petition is that it seeks to review the assessment for illegality, whereas conceding that the erroneous item of value was included in the assessment to be reviewed, that error resulted only in producing an " overvaluation," and did not render the assessment " illegal."

Section 290 *et seq.* of the Tax Law (as amd. by Laws of 1916, chap. 323), as well as section 906 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1911, chap. 455), provide that any person claiming to be aggrieved by any assessment may seek relief through a writ of certiorari upon either one of three grounds: *First*, for illegality, in which case the grounds of the alleged illegality must be stated; *second*, for overvaluation, in which case the extent of the overvaluation must be stated; *third*, for inequality, in which case facts showing the inequality must be stated. The judgment to be awarded if the petitioner establishes his claim is, in case the assessment is found to be " illegal," that it shall be stricken from the roll, in which case the property would remain unassessed for any sum, and in case it is " erroneous " for overvaluation or inequality that a reassessment be made or the roll be corrected, in which case the property will remain assessed at the proper valuation. (Tax Law, § 293, as amd. by Laws of 1916, chap. 323.)

The distinction, therefore, between a review by certiorari on the ground of " illegality," and a review on the ground of an error by reason of " overvaluation " is very substantial, both as to the facts to be alleged in the petition and as to the judgment to be entered if the facts are established. This distinction has repeatedly been recognized by judicial decisions. In *Matter of New York, Ontario & Western R. Co.* (155 App. Div. 866) the Appellate Division in the Third Department pointed it out with great clearness as follows: " The dis-

tinction between an erroneous and an illegal assessment is stated in *National Bank of Chemung* v. *City of Elmira* (53 N. Y. 49, 58) as follows: ' The former is when the officers have power to act, but err in the exercise of the power; the latter where they have no power to act at all.' (See, also, *People ex rel. Hermance* v. *Supervisors*, 10 Hun, 545.)

" Concededly the assessors had jurisdiction of both the relator and of its real property situated within the limits of Centerville Station. * * * *Adopting an improper method* of determining the value of relator's property, assessing it at a higher proportionate valuation than other property on the roll, or omitting to assess personal property of which the assessors may have had knowledge, would render the assessment unequal and erroneous, but would not render the assessment illegal."

In the case at bar the application is distinctly based upon an allegation that the assessment complained of is " illegal," said illegality consisting, as is alleged, in the inclusion of the value of the uncompleted building in the assessed valuation of the real estate. There is no statement in the petition, such as is essential in an alleged case of overvaluation, of the extent of such overvaluation. The proceeding is clearly one for review on the ground of " illegality," and not on the ground of " overvaluation."

That the tax commissioners had jurisdiction to assess the real estate in question cannot be doubted. Hence it cannot be said to be " illegal." At the most the assessment was erroneous because in assessing the value of the real estate the tax commissioners included an element of value which should have been excluded, to wit, the unfinished building. (Greater New York Charter, § 889a, added thereto by Laws of 1913, chap. 324.) This was error, not illegality, in the sense in which the word " illegal " is used in the Tax Law.

The relator urges that the inclusion in the assessment of the value of the building can be assailed upon a petition for illegality, because the commissioners are now required to set down the assessed value of each parcel of real estate in two columns, the first of which shall contain the sum for which, in the opinion of the commissioners, the parcel " under

ordinary circumstances, would sell if wholly unimproved," and the second of which shall contain " the sum for which the said parcel, under ordinary circumstances, would sell, with the improvements, if any, thereon." (See Greater New York Charter, §§ 889, 892, as amd. by Laws of 1911, chap. 455.) Notwithstanding this provision it is settled that what is reviewable by certiorari is the total assessment only. (Tax Law, § 21a, as added by Laws of 1911, chap. 117; repealed by Laws of 1916, chap. 323; Tax Law, § 21, added by Laws of 1914, chap. 277, as amd. by Laws of 1916, chap. 323; *People ex rel. Strong* v. *Hart*, 216 N. Y. 513.) What we have then is the case of an assessment of a parcel of real estate which the tax commissioners had jurisdiction to assess, but as to which they unlawfully included an element of value, to wit, an uncompleted building which while it constituted a part of the real estate, was expressly exempted from assessment by statute. The result, in my opinion, was that the assessment was erroneous for overvaluation, but that it was not " illegal " in the sense in which that word is used in the statute. It cannot, therefore, be attacked for " illegality." If it be said that this is a technical construction of the Tax Law, the answer is that the whole proceeding for a review of assessments by certiorari is statutory and technical, and that in order to avail of the statute persons aggrieved must conform to its requirements in matters of procedure.

It may be that in certain cases an error such as the petitioner complains of here, has been corrected upon a petition alleging only " illegality," but in none of those cases was the question of the sufficiency of the petition raised, as here by a motion to quash, nor is the question we have discussed either argued or considered. So far as we can ascertain it is now presented for the first time in an appellate court.

The order appealed from is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., and DOWLING, J., concurred; SMITH and PAGE, JJ., dissented.

PAGE, J. (dissenting):

In my opinion the facts, admitted to be true, in so far as this appeal is concerned, show an illegal assessment and not an

overvaluation of the relator's property. The Greater New York charter, in sections 889, 889a, 892 and following sections, furnishes a complete system for the assessment of all real property in the city, the entry of the assessments, the inspection and correction thereof, the presentation to and confirmation by the board of aldermen of such assessments, and the final fixing of a tax. (Laws of 1901, chap. 466, as amd. by Laws of 1911, chap. 455, and Laws of 1913, chap. 324.) So far as material to this appeal section 889 provides as follows: " It shall be the duty of the deputy tax commissioners, under the direction of the board of taxes and assessments, to assess all the taxable property in the several districts that may be assigned to them for that purpose by said board, and they shall furnish to the said board, under oath, a detailed statement of all such property, * * * giving * * * the sum for which, in their judgment, each separately assessed parcel of real estate under ordinary circumstances would sell if it were wholly unimproved; and separately stated, the sum for which under ordinary circumstances, the same parcel of real estate would sell with the improvements, if any, thereon." Section 889a provides: " A building in course of construction, commenced since the preceding first day of October and not ready for occupancy, shall not be assessed." Section 892 provides for the keeping in the several offices established by the said board, books to be called " the annual record of the assessed valuation of real and personal estate of the borough of ———," in which shall be set down the assessed valuation of such property within the limits of the several boroughs. In such books the assessed value of real estate shall be set down in two columns; in the first column shall be given, opposite each separately assessed parcel of real estate, the sum for which such parcel, under ordinary circumstances, would sell if wholly unimproved; and in the second column shall be set down the sum for which the said parcel, under ordinary circumstances, would sell, with the improvements, if any, thereon. Provision is then made for the books to be open for public inspection, examination and correction on certain days therein specified, of which notice is to be given by advertisement. Succeeding sections provide that any person feeling aggrieved by the assessed value

of real estate may apply in writing during the time that the books shall remain open, and for the examination into the complaint by the board, and if in their judgment it is erroneous the same is to be corrected.

In the instant case the deputy assessors assessed the relator's real estate unimproved $120,000 and with improvements thereon $635,000, and it was thus entered upon the " Annual record of assessed valuation of real and personal estate of the Borough of Manhattan." During the period provided therefor the relator duly made his claim that the assessment was illegal on the ground that the assessment was placed upon improvements which consisted of a building, in course of construction, commenced since the preceding first day of October, and not ready for occupancy on the 1st day of October, 1916, and, therefore, the assessment thereof was prohibited by section 889a of the Greater New York charter.

The majority opinion limits the meaning of the word " illegal " in section 906 of the Greater New York charter (which authorizes certiorari proceedings) to apply only to an act void for want of jurisdiction; or in other words to an act not authorized by law, and holds that it cannot apply to an act done in contravention of an express statutory prohibition, but that such an act is " erroneous." It seems to me that this is not a technical construction of the statute but one that does violence to the plain meaning of the English language. An act beyond the jurisdiction of the board is an illegal act, but it does not follow that it cannot do an illegal act within its jurisdiction.

An act prohibited by law is an illegal act. Thus when the building upon this parcel of land was assessed, the assessors did an act that they were expressly prohibited from doing. In my opinion the act of the assessors cannot be deemed an " overvaluation " for that presupposes a proper valuation which has been exceeded. It may be the fact, and probably is, that the building that improves this parcel of land is of the value at which it is assessed. The law says that it has no value for taxation purposes; that such a building is not an improvement that can be taken into consideration. For the purposes of taxation it does not exist.

In *Matter of New York Catholic Protectory* (77 N. Y. 342, 344) the court said: " The imposition of the tax in question was manifestly illegal, the property upon which it was assessed being by law exempt from taxation." The Appellate Division of the Second Department has very recently (July 31, 1917) passed on the identical question here involved and said: " The return to the writ shows that the unimproved value of the real estate was fixed at $12,000, and its value with improvements was $45,000. The return also shows clearly that the assessment of the lot with improvements related to the building. If the building was in the course of construction, it was exempt, and the assessment was illegal. There was no occasion for showing that there was an overvaluation." (*People ex rel. Gleason* v. *Purdy,* 179 App. Div. 232, 235.) I would have been content to rest my dissent upon this authority had it not been for the suggestion in the majority opinion that the question was not directly raised in that case by a motion to quash the proceeding. The only difference between these cases is that here the facts are admitted; in that case they are found on undisputed evidence. That the identical question here considered was there determined appears from the above quotation from the opinion.

SMITH, J., concurred.

Order affirmed, with ten dollars costs and disbursements.