THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERIE RAILROAD COMPANY, Relator, *v.* THE STATE TAX COMMISSION, Respondent.*

Supreme Court, Albany County, January 21, 1926.

Taxation — certiorari to review special franchise assessments — petitioner failed to make written complaint under Tax Law, § 46 — State Tax Commission had jurisdiction — petitioner not entitled to review by certiorari.

A corporation cannot have a review of a special franchise assessment made by the State Tax Commission where it did not complain in writing to the State Tax Commission as required by section 46 of the Tax Law, for such complaint is a condition precedent to the right to review where the State Tax Commission had jurisdiction as it had in this case.

APPLICATION to quash a writ of certiorari granted herein for the review of certain special franchise assessments of the relator.

*Watts, Oakes & Bright*, for the relator.

*Albert Ottinger, Attorney-General* [*Frederick J. Merriman, Deputy Attorney-General*, of counsel], for the respondent.

STALEY, J. It appears that notice of a hearing on these assessments was given relator by the Commission pursuant to sections 37 and 45-a of the Tax Law, but no appearance, protest or written

complaint specifying its objections were made by the relator before the Tax Commission in the manner required by the statute.

" An assessment of a special franchise by the tax commission may be reviewed in the manner prescribed by article 13 of this chapter, and that article applies so far as practicable to such assessment, in the same manner and with the same force and effect as if the assessment had been made by local assessors." (Tax Law, § 46, as amd. by Laws of 1918, chap. 278.)

Section 290 of the Tax Law, which is included within article 13, which relates to the contents of the petition upon which a review by certiorari may be granted, provides: " Such petition must show that the application has been made in due time to the proper officers to correct such assessment."

This requirement of the statute makes the presentation of a written complaint as required by section 46, a condition precedent to the right of review.

The relator contends that it is not essential that a complaint be made to entitle it to review an illegal assessment and urges that the petition herein raises the question of jurisdiction of the Commission and of the constitutionality of the laws under which it is acting. The assessments of special franchises under the Tax Law have been held constitutional. (*People ex rel. Met. St. R. Co. v. Tax Commissioners,* 174 N. Y. 417.)

In *People ex rel. Long Island R. R. Co.* v. *Tax Commissioners* (231 N. Y. 221, 228) Judge McLaughlin stated in the opinion of the Court of Appeals as follows: " The Tax Commissioners had jurisdiction of the subject-matter. They were not acting without authority, since they had general jurisdiction over the subject of assessments of special franchises. Whether or not certain street crossings were subject to assessment depended upon ascertainment of the facts as to prior occupancy. They had in the first instance power to determine such fact, and having determined it, their act was valid and binding until challenged in the way pointed out by statute."

The assessment may have been irregular, but it was not void. (*Lange* v. *Benedict,* 73 N. Y. 12; *People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; affd., 222 N. Y. 657.)

Order may be entered quashing the writ herein, with ten dollars costs.