THE PEOPLE OF THE STATE OF NEW YORK ex rel. CORNWALL TELEPHONE COMPANY, Relator, v. THE STATE TAX COMMISSION, Respondent.

Supreme Court, Albany County, December, 1926.

Taxation — special franchise tax — certiorari to review rate of equalization — Tax Commission notified relator that it had fixed amount of valuation of franchise and rate of equalization — Commission on hearing day increased equalization rate without notifying relator — relator failed to appear or file objections to assessment or rate of equalization at hearing — intent of Tax Law, § 45-a, as amended, is to provide method for prosecution of complaint for correction of assessment — increase of rate at or after time fixed for hearing without notice to relator does not preclude right to review determination as to said rate.

The relator, after having been notified by the State Tax Commission that the tentative valuation of its special franchise was $41;900 and the rate of equalization fifty-five per cent and that said Commission would, on a specified day, hear and determine any complaint concerning such valuation and rate of equalization, is not precluded from reviewing the determination of said Commission as to the full valuation of said special franchise at the sum of $41,900 and the rate of equalization at ninety-five per cent fixed on the hearing day specified, notwithstanding the fact that it failed to appear at the hearing or file a complaint as to said valuation or rate, for the intent of section 45-a of the Tax Law was merely to provide a method of procedure by which the taxpayer and the community might be apprised of the amount of the assessment and the rate of equalization, and thereafter afforded an opportunity to prosecute complaint for correction or modification.

The equalization rate was increased in this instance at or after the time fixed for a hearing and of such increase the relator had no notice and no opportunity to apply for its correction or modification.

MOTION to quash writ of certiorari granted to review determination of State Tax Commission fixing relator's assessment and rate of equalization.

*Gould & Wilkie [R. L. von Bernuth* and *M. S. Lockhart* of counsel], for the relator.

*Albert Ottinger,* Attorney-General [*Frederic J. Merriman* and *Bernard A. Katz* of counsel], for the respondent.

STALEY, J. The respondent moves to quash the writ herein on the ground that the relator did not appear before the State Tax Commission on grievance day and file objections to the assessment and rate of equalization.

The State Tax Commission, respondent herein, in March, 1926, determined the tentative valuation of the special franchise of relator in the town of Cornwall, at the sum of $41,900, and the rate of equalization therein at fifty-five per cent and thereafter notified

the relator in writing of such determination, and that it would meet on May 4, 1926, to hear and determine any complaint concerning such full valuation and rate of equalization. No complaint or objection was filed by the relator, which also alleges in its petition that no objections were filed and no appearances had before the Commission concerning said valuation or rate by any interested parties.

On July 27, 1926, the Commission finally determined the full valuation of said special franchise to be the sum of $41,900, the valuation stated in its notice, and the rate of equalization in the town of Cornwall to be ninety-five per cent instead of fifty-five per ,cent as stated in the notice as the tentative equalization rate. The relator claims by its petition that the increase of rate from fifty-five per cent to ninety-five per cent was illegal and void.

The assessment of a special franchise may be reviewe din the manner prescribed by article 13 of the Tax Law (§§ 290–307), and that article applies with the same force as if the assessment had been made by local assessors. (Tax Law, § 46, as amd. by Laws of 1926, chap. 125.)

Section 290 of the Tax Law (as amd. by Laws of 1916, chap. 323), in relation to the material allegations of a petition to review a local assessment, provides that "such petition must show that the application has been made in due time to the proper officers to correct such assessment."

In *People ex rel. Erie Railroad Co.* v. *State Tax Commission* (128 Misc. 142; affd., 217 App. Div. 811) it was held that the failure to file complaint upon the grievance day noticed for hearing was fatal to a review of the assessment by writ of certiorari, and the writ was therein quashed. In that case, however, there was no change in the final determination from the one tentatively fixed.

Section 45-a of the Tax Law (added by Laws of 1916, chap. 334, as amd. by Laws of 1921, chap. 124) provides in substance that on determining the full and actual valuation of a special franchise and the rate of equalization, the Commission shall give notice to the corporation affected of the valuation and rate of equalization and of the time of its meeting to hear and determine any complaint concerning such valuation and rate of equalization. If any corporation assessed proposes to complain at the hearing, " *concerning the full valuation or rate of equalization as fixed in such statement,*" such corporation shall serve written complaint on the Commission at least fifteen days prior to the day fixed for hearing.

The scheme and intent of the statute was to provide a method of procedure by which the taxpayer and the community might be apprised of the amount of the assessment and the rate of equali-

zation, and thereafter afforded an opportunity to prosecute complaint for correction or modification.

The relator here was apparently satisfied with the amount of the valuation and with the rate of equalization as fixed in the statement and being satisfied was under no necessity to complain.

Its obligation to complain would arise only in its desire to oppose that which was proposed, and it would be a futile gesture to complain of that with which it was content.

The equalization rate was increased at or after the time fixed for hearing and of such increase the relator had no notice and no opportunity to apply for its correction or modification.

I conclude that the failure under the statute to complain against the rate fixed, when there was no purpose in such complaint, 'does not preclude the right to review the determination as to a rate subsequently fixed under circumstances where opportunity to complain did not exist and obligation to do so did not arise.

The motion to quash the writ is denied, with ten dollars costs.