THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERIE RAILROAD COMPANY, Respondent, *v.* STATE TAX COMMISSION, Appellant.

Third Department, May 4, 1927.

Taxation — special franchise tax of railroad company — relator contends that assessment was illegal, incorrect and erroneous, in that special franchises over creek and in reference to overhead crossing in highway did not exist — relator failed to appear and file objections on grievance day as required by Tax Law, § 45-a — relator cannot have review under Tax Law, § 46, as prescribed by Tax Law, art. 13.

This is a proceeding to review the assessment of special franchises against the relator. The relator contends that special franchises over a creek did not exist since the creek was not navigable and relator owned the bed thereof, and also that a special franchise, based on the overhead crossing of the highway by relator's tracks, did not exist, since relator operated its railroad before the highway existed.

The State Tax Commission had jurisdiction and it was for it to determine these questions in the first instance, and its determination is binding until set aside in the manner prescribed by statute.

The failure of the relator to appear and file objections on grievance day, as required by section 45-a of the Tax Law, deprives it of the right to have the determination of the State Tax Commission reviewed under section 46 of the Tax Law in the manner prescribed by article 13 of the Tax Law. Appearance and filing of objections on grievance day is a condition precedent to the right to a review.

DAVIS and MCCANN, JJ., dissent, with opinion.

APPEAL by the defendant, State Tax Commission, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 19th day of March, 1926, denying a motion of the defendant to quash the writ of certiorari issued herein, upon the ground that relator did not appear on grievance day and file its objections, as required by section 45-a of the Tax Law.

The motion to quash was made upon the petition, order for and writ of certiorari and the affidavit of a Deputy Tax Commissioner. The Special Term rendered an opinion. (See 127 Misc. 13.)

*Albert Ottinger, Attorney-General [Frederick J. Merriman, Deputy Attorney-General,* of counsel], for the appellant.

*Marion H. Fisher [Frederick Collin* and *Ross M. Lovell* of counsel], for the respondent.

WHITMYER, J. On March 24, 1924, relator filed a report in relation to its special franchises in the city of Jamestown, N. Y., under section 44 of the Tax Law (as amd. by Laws of 1916, chap. 334), with a protest against the assessment of two bridge crossings over Chautauqua outlet and one overhead crossing over West Second street, under the claim that such crossings did not constitute special franchises. Nine crossings were reported. On December 1, 1924, the State Tax Commission fixed the value of all for taxation for 1925 at the gross sum of $124,800 and the rate of equalization at fifty-nine per cent and gave relator due notice thereof and that a meeting would be held at its office in the city of Albany on January 6, 1925, to hear and determine any complaints concerning such valuation and rate, as provided by section 45-a of the Tax Law. Relator did not appear and did not file any complaint. On February 4, 1925, the Commission fixed the rate of equalization at fifty-nine per cent and the equalized assessed valuation of all at $73,632, without giving the valuation of each separately. Then it served notice thereof upon relator and filed notice of such final assessed valuation with the director of assessments of the city, specifying the franchises and the aggregate. This proceeding followed. The petition alleges

that Chautauqua outlet is not a public water or public place and that the crossings thereof do not constitute special franchises, within the meaning of article 1, section 2, of the Tax Law,* under the claim that it is not a public navigable water in fact or in law and that the petitioner has the right and title, by conveyance, in and to the bed, at the places of the crossings.

As to West Second street, it alleges that the subway under relator's track at the crossing was constructed in 1916, by order of the Public Service Commission, in place of the grade crossing there, as a convenience to the public and not to enable relator to operate its railroad, and, further, that relator's occupancy is a prior occupancy and has been so adjudged. The outlet crossings had been assessed in the preceding years. The West Second street crossing was not assessed from 1908 to 1912, because of certain orders, entered in December, 1915, upon a stipulation as to the facts, but was reassessed at this time, the Commission says, because of the discovery from ancient records that a highway was at the street before the railroad was built. Relator claims that the assessment in each case was illegal, incorrect and erroneous. The motion to quash is based upon the petition and upon an affidavit of a Deputy Tax Commissioner and is upon the specific ground that relator did not appear and file objections on grievance day. Section 37 of the Tax Law (as amd. by Laws of 1924, chap. 491; since amd. by Laws of 1926, chap. 286) provides that the complaint on grievance day shall specify the respect in which the assessment complained of is incorrect. Section 45-a (added by Laws of 1916, chap. 334, as amd. by Laws of 1921, chap. 124) provides for notice of hearing and for a hearing to determine complaints concerning special franchise valuations. Section 46 (as amd. by Laws of 1918, chap. 278; since amd. by Laws of 1926, chap. 125) provides that such an assessment may be reviewed in the manner prescribed by article 13 of the Tax Law and states that the article applies so far as practicable in the same manner and with the same force and effect as if the assessment had been made by local assessors. And section 290 (as amd. by Laws of 1916, chap. 323), which is included in said article 13, provides that the petitioner, if illegality is the claim, shall specify the grounds; if overvaluation, the extent; and, if inequality, the instances and extent, and that the relator is or will be injured thereby. And it provides that the petition "must show that the application has been made in due time to the proper officers to correct such assessment." The provision as to timely application to the proper officers to correct is mandatory and relates to claims of

---

* See Tax Law, § 2, subds. 6, 7, as renum. from subds. 3, 4, by Laws of 1916, chap. 323.—[Rep.

illegality as well as to those of overvaluation and inequality. The provision is applicable to a review under section 46. Such an application is a condition precedent to the right of such review. (*People ex rel. Erie R. R. Co. v. State Tax Comm.*, 128 Misc. 142; affd., 217 App. Div: 811.) This petition does not show that application was made as required.. It could not. No application was made and no complaint was filed. And that the motion to quash is an admission that the facts stated in the petition must be accepted as true is not material here. It is not the case of an assessment void on its face. (*People ex rel. Soeurbee, Inc., v. Purdy*, 179 App. Div. 748, 750; *Rice Memorial Hospital v. Village of N. Tarrytown*, 187 id. 855, 857; *People ex rel. Shepard v. Griffin*, 208 id. 137.) The Commission had jurisdiction of relator and of the subject-matter. Whether or not the crossings were subject to assessment involved the questions of navigability and ownership in the one case and the question of prior occupancy in the other. Those were questions of fact for the determination of the Commission in the first instance and their determination was binding until set aside in the way prescribed by the statute. (*People ex rel. L. I. R. R. Co. v. Tax Comrs.*, 231 N. Y. 221, 228; *New York Central & H. R. R. R. Co. v. City of Yonkers*, 238 id. 165, 173.) Moreover, nine crossings were grouped in one assessment and six are not questioned. In effect, it was an overvaluation. (*People ex rel. Soeurbee, Inc., v. Purdy, supra; People ex rel. L. I. R. R. Co. v. Tax Comrs., supra.*)

The order of the Special Term should be reversed, with ten dollars costs, and the writ should be quashed, with ten dollars costs.

VAN KIRK, Acting P. J., and HINMAN, J., concur; DAVIS, J., dissents, with an opinion in which McCANN, J., concurs.

DAVIS J. (dissenting). The primary question is whether in this particular proceeding a taxpayer may have relief from a void assessment if he has failed to appear and make objection on grievance day. The general rule is that the person whose property is assessed must appear and file a statement specifying the respect in which the assessment complained of is incorrect, submit to examination and satisfy the tax officials that the complaint has substance. Otherwise, no reduction will be allowed. (Tax Law, § 37.) In section 45-a, relating to the valuations on special franchises, the language is more limited, for the complaint is directed only to " the full valuation or rate of equalization as fixed, * * .*." In proceedings to review the assessment under the special writ of certiorari provided in article 13 of the Tax Law on the grounds of the assessment being illegal, erroneous or because of overvaluation, it is incumbent on the aggrieved petitioner to show

that application has been made in due time to the proper officials to correct such assessment. (Tax Law, § 290.)

The term " illegality " as used in the statute is general. If it included an assessment that is void from its inception, then the petitioner here is remediless for it is conceded that it did not appear before the Commission and file any complaint on grievance day. I do not believe the term " illegality " is so inclusive. If so, tax officials could assess property regardless of their jurisdiction, either as to territory or ownership. I think the term refers to the use of methods of assessment unauthorized by law. It implies fundamental jurisdiction but illegal means of exercising the power delegated. The law does not authorize them to determine the extent of their jurisdiction and assess property in territory beyond their jurisdiction or property like that of the United States which is non-assessable. Otherwise if the party, with or without knowledge of the assessment, failed to make complaint within the time limited, the tax must stand.

It is not the rule that assessments made without jurisdiction become valid and the tax must be paid, if complaint of " illegality " is not made on grievance day. Tax officials cannot determine conclusively the extent of their jurisdiction as a question of fact and thus deprive the owner of property of a remedy. Such acts may even be attacked collaterally. (*National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *Elmhurst Fire Co.* v. *City of New York*, 213 id. 87.) So acting without authority, their acts become illegal and void. (*Matter of Donner-Hanna Coke Corp.*, 212 App. Div. 338, 341, and cases cited; affd., 241 N. Y. 530; *Elmhurst Fire Co.* v. *City of New York*, supra.)

The undisputed facts before us here are that the Commission made assessment, as a special franchise, of two bridges over a non-navigable stream where it is claimed the banks and bed of the stream were owned by relator. If this be true, the Commission had no jurisdiction. (Tax Law, § 2, subds. 6, 7.) " Their jurisdiction depended upon the facts as they were, not as they determined them to be." (*Elmhurst Fire Co.* v. *City of New York*, supra, 91.)

If the petitioner was relying solely on the illegality of the assessment because void for want of jurisdiction, it was unnecessary for it to appear and complain on grievance day or to so state in its petition. (*People ex rel. Shepard* v. *Griffin*, 208 App. Div. 137; *Rice Memorial Hospital* v. *Village of N. Tarrytown*, 187 id. 855.) It did not need to proceed by the statutory writ but could seek another remedy. (*National Bank of Chemung* v. *City of Elmira*, supra; *Elmhurst Fire Co.* v. *City of New York*, supra; *Matter of Donner-Hanna Coke Corp.*, supra.)

There is a marked difference between the facts here and those in *People ex rel. L. I. R. R. Co.* v. *Tax Comrs.* (231 N. Y. 221). That was a case of an overhead crossing of a street and the question was one of prior occupancy. The Commission had jurisdiction of the subject-matter and was not acting without authority. The relator had appeared on grievance day and complained of over-valuation, inequality and illegal assessment of the value of bridges but did not specifically complain on the ground of prior occupation. It is said that the Commission had in the first instance power to determine the fact of prior occupancy, " and having determined it, their act was valid and binding until challenged in the way pointed out by statute." This is widely different in its principle from the case before us. In that case there were the fundamental elements of jurisdiction, to wit, a street crossed by a railroad, and the question was whether there had been error in determining the simple fact as to which, in point of time, was the first occupant. Here we have the case of a non-navigable stream over which the Commission may assert no jurisdiction.

A full hearing may be had on any controverted question after the Commission has made its return. (Tax Law, § 293, as amd. by Laws of 1920, chap. 643; id. § 293-a.*) If it is there established that the stream is navigable, the State will suffer no loss. The relator, however, should have the right to be heard on that subject.

As to the assessment of the two special franchises herein discussed, I favor affirmance.

McCANN, J., concurs.

Order reversed on the law, with ten dollars costs and disbursements, and writ quashed, with ten dollars costs.