Henry A. Hudson, J.
The defendants have moved pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings upon the ground that the complaint does not state facts sufficient to constitute a cause of action; that the court does not have jurisdiction of the subject matter of the action, and in the alternative for judgment in favor of the defendants for the relief requested in the answer.
The action is brought by the plaintiffs for a declaratory judgment determining that an assessment made by the commissioner of finance of the City of Syracuse, New York, against the real property of the plaintiffs known as lot 1, block 470 of the Bradley Tract in the city of Syracuse, New York, commonly known as 1101-1107 South Geddes Street in said city is null and void and unenforcible. The assessment was made July 1, 1956 pursuant to the provisions of sections 94 and 95 of the Second Class Cities Law and section 117 of the City Charter of the City of Syracuse, New York (Local Laws, 1935, No. 7, as amd. by Local Laws, 1938, No. 11). It covered unpaid water *393 taxes or rents incurred by a tenant of the plaintiffs amounting to $782.81 and was assessed against the property in question as part of the general city tax against the property. The plaintiffs further seek a declaration that the provisions of the Second Class Cities Law and the Syracuse City Charter relied upon by the city in making such assessment are unconstitutional and that the officials of the City of Syracuse were without power or authority to make such assessment. The plaintiffs seek a further declaration that such assessment should be expunged from the tax rolls of the City of Syracuse and that the commissioner of finance for the city should be restrained and enjoined from making any further assessments against the real property by reason of the indebtedness of the same tenant for water supplied to the tenant by the city.
The defendants, after conceding in their answer generally the factual allegations of the complaint, set up two affirmative defenses. The first asserts its right and obligation to assess as a part of its general city tax any amount owing for unpaid water taxes or charges against the plaintiffs’ property for water furnished by the city for use of a tenant of the plaintiffs under and pursuant to sections 94 and 95 of the Second Class Cities Law and section 117 of the City Charter of the City of Syracuse, New York (Local Laws, 1935, No. 7, as amd. by Local Laws, 1938, No. 11). The second asserts that by reason of the provisions of chapter 304 of the Laws of 1923, the act governing assessments in the city of Syracuse, the plaintiffs are relegated to the provisions thereof for the review of any assessment made by the City of Syracuse and that such remedy was exclusive and prevented the plaintiffs from seeking relief in this action.
Upon this motion the allegations of the complaint must be deemed to be true and upon a motion by the defendants for judgment on the pleadings only the allegations of the complaint may be considered.
Briefly, the following are the facts alleged in the complaint. In 1949 the Stadium Cleaners Inc., tenant of the plaintiffs, made application to the water department of the City of Syracuse for the necessary supply of water for the operation of its commercial laundry. The application was made by a plumber employed by the tenant and the water department of the city tapped into its water mains and provided metered water service to the tenant to and including at least June 1, 1956. The plaintiffs never entered into any written or oral agreement with the City of Syracuse or its water department in respect thereto and were never billed for such water service, such bills being sent to and being paid by the tenant. No notice was ever given *394 to the plaintiffs orally or in writing that the tenant had defaulted in payment of any water bills and no demand was ever made upon the plaintiffs therefor nor were any bills ever sent to the plaintiffs during the years of occupancy by the tenant. In 1955 the tenant was substantially indebted to the City of Syracuse and through negotiations which took place between the tenant and the water department partial payment was accepted by the water department and no assessment made against the real property by reason of such unpaid charges due July 1, 1955. That in the year 1956 the amount of the unpaid water charges or taxes owing by the tenant, namely, $1,782.81, was reported by the water department to the city assessor who assessed the amount thereof against the plaintiffs as part of the general city tax upon the premises of the plaintiffs for that year. That further water charges or taxes have accrued for the year 1957 and have been assessed as a part of the general city tax upon the plaintiffs’ said premises.
It is the plaintiffs’ contention that there is no privity of contract between them and the city; that if any statutes exist authorizing the assessment by the city of the plaintiffs’ real property for the general city tax, that such statutes are unconstitutional because they deprive the plaintiffs of their property without due process of law.
It is the defendants’ contention that by reason of the provisions of the statute authorizing the assessment of unpaid water taxes or charges as a part of the general city tax, plaintiffs’ property is subject to the charge for the use of any water which is furnished to an occupant of the premises and that once the assessment is made, the plaintiffs are afforded a complete remedy under the statutes in the event that they feel aggrieved for any reason with the correctness, validity or legality of the assessment and that consequently the statutes in question do not deprive the plaintiffs of their property without due process of law.
There is no allegation in the complaint that the plaintiffs did not have notice of the assessment or an opportunity to protest its propriety or validity under the regular statutory provisions therefor. Were such the case, a question of fact would be presented which might bar the defendants ’ right to relief under rule 112.
The plaintiffs rely upon Security Bldg. & Loan Assn. v. Carey (259 App. Div. 42, affd. 286 N. Y. 646) as authority for the proposition that the assessment made by the authorities of the City of Syracuse was invalid because there is no privity of contract between the plaintiffs and the City of Syracuse. This *395 case is also extensively relied upon by the defendants. It involved the validity of the lien of the City of Oswego, New York, for water charges over the lien of a mortgage on the real estate. The court held that the lien of the city was entitled to priority over that of the holder of the mortgage.
I am of the opinion that this case strongly supports the contention of the defendants on this motion and the fact that the water was furnished with the knowledge and consent of the owner in the Security Bldg. & Loan Assn. case does not change the applicability of the decision to the facts of the present case.
It seems to me that the plaintiffs had an adequate remedy at law to test the propriety, correctness and legality of the assessment; its constitutionality; and the jurisdiction of the City of Syracuse to make the assessment under and pursv ant to the provisions of section 2 of chapter 75 of the Laws of 1906 as amended by chapter 304 of the Laws of 1923. Consequently sections 94 and 95 of the Second Class Cities Law and section 117 of the City Charter of the City of Syracuse, New York (Local Laws, 1935, No. 7, as amd. by Local Laws, 1938, No. 11) would not be unconstitutional as depriving the plaintiffs of property without due process of law. I also feel that the plaintiffs in this case are relegated to the form of relief provided for under section 2 of chapter 75 of the Laws of 1906 as amended by chapter 304 of the Laws of 1923. (Lewis v. City of Lockport, 276 N. Y. 336; Strusburgh v. Mayor, 87 N. Y. 452, 455; Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234.)
While there is authority that a declaratory judgment action will lie for the determination of jurisdictional and constitutional questions, such cases in my opinion are limited to those involving special circumstances requiring equitable relief in order to avoid an absolute failure of justice (Strusburgh v. Mayor, supra, p. 456) and the courts will not assume the right to grant special dispensation through the equitable relief of a declaratory judgment when an adequate remedy to the taxpayer is granted by statute. (Richfield Oil Corp. v. City of Syracuse, supra, p. 242.) See, also, Lewis v. City of Lockport (supra, p. 342) where the court stated: u Where an adequate remedy at law is provided, the reason for granting equitable relief disappears.”
The motion of the defendants for judgment on the pleadings is, therefore, granted with $10 costs. Order accordingly.