J. Irwin Shapiro, J.
This is a motion by the defendants ‘1 for judgment on the pleadings pursuant to Buie 112 of the Buies of Civil Practice, and Civil Practice Act, § 476, declaring that the 1959-1960 real estate tax assessment against property designated on the tax map of the Borough of Queens as Section 40, Block 9184, Lot 32, and identified as 85-40 104th Street, Bichmond Hill, is valid and creates a lien upon such property.”
The complaint seeks a declaratory judgment to the effect that the real estate tax assessment for the tax year 1959-1960 against the plaintiff’s real property in the Borough of Queens (Section 40, Block 9184, Lot 32, known as 85-40 104th Street, Bichmond Hill) is illegal and void and that the plaintiff is not liable for the real estate taxes levied pursuant to that assessment.
The complaint purports to set forth two causes of action. The basis of the first cause of action is that the Tax Commission and Tax Assessors ‘ ‘ failed to personally examine each and every house * * * in the said City as is required by law. ’ ’ The basis of the second cause of action is that the defendants (the Mayor of the City of New York and other municipal officials) “ conspired ” to increase real estate assessments to meet the city’s economic needs “without regard to proper assessments based upon lawful inspections. ’ ’
Though the complaint alleges that not only the “ real property of the plaintiff ” but “ others similarly situated have been assessed illegally, improperly and contrary to law, without jurisdiction and more specifically without proper inspection ’ ’ and ‘ ‘ that this plaintiff and others similarly situated have been damaged in that their property has been taxed without jurisdiction and without due process of law ’ ’, it is clear that this action.is not brought as a representative one but solely on behalf of plaintiff in her individual capacity, because plaintiff asks for judgment as follows:
‘ ‘ 1. Adjudging and declaring the aforesaid acts of the defendants in promulgating the real estate tax assessment for the tax year 1959-1960 for plaintiff’s aforesaid property is illegal and void.
“ 2. Adjudging and declaring that the plaintiff is not liable for the real estate tax imposed upon her aforesaid real property for the tax year 1959-1960.
“ 3. Adjudging that the said real estate tax assessment and the resultant tax upon plaintiff’s aforesaid real property for the tax year 1959-1960 be unconstitutional, void and ineffective *574 to create any lien or encumbrance upon plaintiff’s aforesaid property. ’ ’
Thus the judgment demanded is restricted to a declaration affecting the legality of the assessment against the plaintiff’s property and her liability for the resultant taxes.
' The core of both causes of action is the contention that the assessment record, upon which the assessment of the plaintiff’s property appears, is defective because of the assessor’s alleged failure to ‘ ‘ personally examine each and every house, building, lot, pier or other taxable property in the said City as is required by law.”
The plaintiff’s complaint might well be dismissed without further consideration upon the ground that she fails to show that she has in any way been injured by such alleged failure to “ personally examine each and every parcel of real estate assessed by the assessors ’ ’ because she nowhere in her complaint contends that her specific piece of property was not personally inspected nor that it has been assessed in an excessive or unequal amount, but we prefer to base our determination here upon the broader aspects of the complaint.
The contention that the alleged failure to examine the property renders the assessment on the property jurisdictionally defective necessarily rests upon the provisions of section 155b-1.0 of the Administrative Code of the City of New York, which provides that: “ The assessors shall furnish to the president, under oath, a detailed statement of all taxable real estate showing that they have personally examined each and every house ”.
The complaint does not allege that the statutory oath of the assessor was either omitted or is formally deficient in any respect and since the assessment record is a matter of public record, this court, despite plaintiff’s contention to the contrary, will take judicial notice of the fact that on its face it complies with the statutory mandate. (Hunter v. New York, O. & W. R. R. Co., 116 N. Y. 615; Matter of Ackerman v. Kern, 281 N. Y. 87, 94; Howard Stores Corp. v. Pope, 1 N Y 2d 110, 115; Civ. Prac. Act, § 344-a; 31 C. J. S., Evidence, p. 602.)
Attached to the assessment record is the oath of the district assessor which, so far as here material reads: ‘ ‘ That I have personally examined each and every house, building, lot, pier and other taxable property within said district; that in said volumes are set down and given the description, the Street, the Section or Ward, Block .and Lot and Map or Identification numbers of said Beal Estate embraced within such district, the sum for which, in my judgment, each separately assessed parcel of *575 Beal Estate would sell under ordinary circumstances if it were wholly unimproved; and separately stated, the sum for which the same parcel would sell under ordinary circumstances with the improvements, if any, thereon ,• also the name of the owner or occupant thereof, so far as the same is known; also any other information which the President of the Tax Commission required.”
In Brooklyn El. R. R. Co. v. City of Brooklyn (11 App. Div. 127) the oath of the assessor was directly attacked (here the same attack is made by indirection), and the court, in upholding it as final and conclusive in a plenary action said:
“ The law requires (Laws 1888, chap. 583, § 9) that when the assessors have completed the assessment they shall evidence the same by their oaths, and this attestation must be to the effect that they have laid the assessment in accordance with law in the specific respects required therein to be stated. When the assessment roll is made up it partakes of the character of a judgment, and the acts of the assessors in making it up are judicial in their character. Where the assessors have jurisdiction to act, their action becomes final, and may not be attacked collaterally in any proceeding. (Buf. & State L. R. R. Co. v. Suprs. of Erie Co., 48 N. Y. 93; Mayor v. Davenport, 92 id. 610, 611.)
‘ ‘ In the present case it appears, indeed it is not disputed, that the assessment roll as made up contained the attestation clause attached thereto in the form prescribed by law. It is not contended but that the assessors had jurisdiction to levy the assessment. Having jurisdiction to act, and having certified that they have acted as the law requires, there. remains nothing which can be attacked by this action. It has been sought to be shown that, in fact, the assessors did not lay the tax in accordance with law. But there exists no right to do this in this action, within the doctrine of the foregoing cases. And it matters not how this is attempted to be shown. If by the assessor himself, the law replies that, having certified that he performed his duty, he will not now be heard to impeach his act. This principle rests upon the solid ground of public policy which restrains public officials, certainly those acting in a judicial capacity, from impeachment of official acts which the law requires, and which they have solemnly declared that they have performed. If by other proof the barrier is firmly set against collateral attack, the practice which obtained in this case cannot be supported. No right exists, under the cover of securing depositions, to enter upon an examination which seeks to show that assessors in the performance of official duty *576 which they have certified they performed, in fact violated the law. Evidence secured in this manner is without the sanction of law, and may not be considered” (pp. 132-133; emphasis supplied).
In our case, although the complaint, in conclusory fashion, contends that the defendants had no jurisdiction to levy the taxes which they did upon her property, it is obvious from the entire complaint that what she means is that the defendants proceeded not without jurisdiction but in an “illegal” manner, because of the failure to make personal inspection.
There is no claim that any of the underlying statutes, pursuant to which the assessment was made, are unconstitutional. Under such circumstances, the language of the court in the Brooklyn El R. R. Co. case (supra, p. 132), that the assessors ‘ ‘ Having jurisdiction to act, and having certified that they have acted as the law requires, there remains nothing which can be attacked by this action ” destroys any basis for plaintiff’s complaint.
Even if it be the fact that the assessors made the assessments without personal inspection of the plaintiff’s property, or of any property, as she contends, she must be relegated to the direct proceedings provided by law for the purpose of invalidating or modifying tax levies. Since there was jurisdiction to impose the tax complained about by the plaintiff, any review or correction thereof must be had in accordance with statutory procedure. (People ex rel. New York & H. R. R. Co. v. Board of Taxes, 166 N. Y. 154; Commercial Nat. Bank & Trust Co. of N. Y. v. Chambers, 82 N. Y. S. 2d 661; Matter of Alwalt Realty Corp. v. Boyland, 5 Misc 2d 1061.)
Since the only ‘ ‘ illegality ’ ’ claimed in the complaint is a failure to ‘ ‘ personally examine ’ ’ some or all of the property in the City of New York, which admittedly was subject to the jurisdiction of the assessors, the remedy for such claim of illegality and the procedure to be followed is provided by section 290 et seq. of the Tax Law, sections 163-166 of the New York City Charter, and section 166-1.0 of the New York City Administrative Code.
In Matter of State Ins. Fund v. Boyland (282 App. Div. 516, 519, affd. without opinion 309 N. Y. 1009) the court cited with approval from the dissenting opinion of Mr. Justice Davis in the Appellate Division in People ex rel. Erie R. R. Co. v. State Tax Comm. (221 App. Div. 200), in which the Court of Appeals in reversing (246 N. Y. 322) “ virtually adopted the dissenting opinion ” and in which dissenting opinion the court said that the word illegality “ refers to use of methods of assessment *577 unauthorized by law. It implies fundamental jurisdiction but illegal means of exercising the power delegated.”
•Here there was “ fundamental jurisdiction ”, and if “ illegal means of exercising the power delegated” was used by the defendants, a plenary suit in this court is not permissible. It is only when the plaintiff11 seeks to review a determination of the basic jurisdictional issue as to whether this property is in fact taxable at all” (Matter of State Ins. Fund v. Boyland, supra, p. 519), that a plenary suit may be entertained.
Under the circumstances here present, therefore, and it having been concluded that the basic complaint of the plaintiff is not whether the property is taxable at all but whether it has been properly taxed in a proper amount, by proper procedure, she is bound to follow the exclusive statutory procedure, and her complaint herein may not be entertained. (Lewis v. City of Lockport, 276 N. Y. 336; Langan v. City of Syracuse, 12 Misc 2d 392; Dun & Bradstreet, Inc. v. City of New York, 276 N. Y. 198, 206-207.)
In answer io the contention that the Legislature has provided the plaintiff and others similarly situated with an adequate and exclusive remedy for the review of real estate tax assessments, as exemplified by the cases above cited, the plaintiff contends, in her memorandum of law, that: “If the discriminated property owner is relegated to a tax certiorari proceeding lie cannot in that proceeding equalize as it were, so long as his property is not overly taxed. Nevertheless the taxation is grossly inequitable.”
This question of equalization is not contained in the complaint, but, even if it were, the court would hold that under the Tax Law the plaintiff has a full, complete and adequate remedy to review unequal tax levies. (Tax Law, art. 13, §§ 290-c, 293, 296.)
The basic provisions of the above provisions of the State Tax Law are complemented and supplemented by the New York. City Charter and the Administrative Code. (Charter, § 166; Code, § 166-1.0, subd. b, par. 3.) Illustrations of cases in which a taxpayer, aggrieved by an unequal real estate tax assessment, has obtained relief through statutory proceedings under the Tax Law are People ex rel. Yaras v. Kinnaw (303 N. Y. 224), Matter of Wolf v. Assessors of Town of Hanover (308 N. Y. 416).
There are over 800,000 separately assessed parcels of real estate in the City of New York, and, since every taxpayer has been provided with a statutory remedy for judicial review of the assessment levied upon his property so that he will bear no more than his just share of the burden of taxation, this plaintiff must be relegated to that statutory remedy. To hold *578 otherwise could only result in a complete breakdown of the procedures specifically provided for that purpose.
Parenthetically it might be pointed out that it has been authoritatively stated that ‘1 23Even where an actual view is required by statute, failure to go on the land and actually view it is a mere irregularity which does not invalidate the tax.” (3 Cooley, Law of Taxation [4th ed.], § 1139, pp. 2293-2294; 84 C. J. S., Taxation, § 402.)
The motion by defendants for judgment on the pleadings is granted and the complaint is dismissed.
Submit order.