The Mutual Life Insurance Company of New York, Respondent, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Appellant.

The rule that where an assessment has been made with jurisdiction, and the property holder has paid the tax imposed thereon, he cannot recover back the money paid until the assessment has been vacated or set aside in some appropriate proceeding, does not apply to defects which render the assessment void for want of jurisdiction..

In an action to recover back the amount paid by plaintiff upon an alleged void assessment imposed on certain of its property in the city of New York for the construction of a sewer, it appeared that the sewer was constructed under a contract in which the expense of rock excavation was fixed by agreement, not by competitive bidding, as required by the act "to re-organize the local government" of that city (§ 91, chap. 335, Laws of 1873); that this item was over seventy-one per cent of the cost of the work, and that plaintiff paid the assessment in ignorance of the violation of the statute. *Held,* that a judgment was properly rendered for the amount paid by plaintiff on account of said item; that the omission to comply with the provisions of the statute was a jurisdictional defect; and that while the whole assessment was not void, it was void so far as the expense of rock excavation entered into it.

Reported below, 79 Hun, 482.

(Argued January 15, 1895; decided January 22, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 30, 1894, which affirmed a judgment in

favor of plaintiff entered upon a verdict directed by the court.

This action was brought to recover money paid by plaintiff upon what it claims to be a void assessment on its property in the city of New York.

The facts, so far as material, are stated in the opinion.

*David J. Dean* for appellant. This action will not lie because the defect alleged is not jurisdictional, and concerns only regularity of procedure, affecting only a part of the assessment. (*Swift* v. *City of Poughkeepsie,* 37 N. Y. 511 ; *Bank of Commonwealth* v. *Mayor, etc.,* 43 id. 184 ; *Marsh* v. *City of Brooklyn,* 59 id. 280 ; *Peyser* v. *Mayor, etc.,* 70 id. 497 ; *Wilkes* v. *Mayor, etc.,* 79 id. 621 ; *In re Merriam,* 84 N. Y. 596.) No recovery has been adjudged by the court to recover back money paid for taxes or assessments where the tax or assessment remains unreserved and unmodified, except in those cases where the assessors or municipal authorities had proceeded without jurisdiction of the subject-matter. (*Jex* v. *Mayor, etc.,* 103 N. Y. 536 ; *Tripler* v. *Mayor, etc.,* 125 id. 617 ; *Breucher* v. *Village of Portchester,* 101 id. 240 ; *Horn* v. *Town of New Lots,* 83 id. 100.)

*Charles E. Miller* for respondent. An action of this nature will lie. (*Jex* v. *Mayor, etc.,* 103 N. Y. 536.) The fixing of the price for rock excavation is a violation of the charter, and to that extent the assessment is void. (*In re Merriam,* 84 N. Y. 596.) These matters were matters *dehors* the record. Plaintiff being ignorant of the same is entitled to recover. (*Tripler* v. *Mayor, etc.,* 125 N. Y. 617 ; 139 id. 1.)

O'Brien, J. The plaintiff has recovered the amount paid upon what is claimed to be a void assessment on its property, in the twelfth ward of the city of New York. It was a local assessment imposed upon property claimed to be benefited by the construction of a sewer under the authority of the city. It was confirmed on the 29th of May, 1879, and the plain-

tiff subsequently paid it, amounting to $1,398.88, with interest. The sewer was constructed under a contract in which the expense of rock excavation was fixed by agreement between the commissioner of public works and the contractor and not by competitive bidding as required by the statute. (Laws 1873, chap. 335, § 91.) The other expenses of construction were provided for in the contract, after bids or proposals, in compliance with the statute, but the item for rock excavation was over seventy-two per cent of the entire cost of the work, and the amount paid by the plaintiff on account of that item was $996, and the recovery was had for that sum, with interest. When the plaintiff paid the assessment it was ignorant of the fact that the contract had been made and carried out without compliance with the statute in respect to the rock excavation.

The only question is whether the omission to comply with the statute in this respect is a jurisdictional defect. The plaintiff cannot maintain the action to recover the assessment paid, if the defect is simply an irregularity, which renders the assessment voidable or erroneous. The municipal authorities in imposing the assessment acted judicially, and their determination is in the nature of a judgment which cannot be attacked collaterally on account of mere errors or irregularities, but in a direct proceeding to review it.

When such an assessment has been made with jurisdiction, and the property owner has paid, he cannot recover back the payment until the assessment has been vacated or set aside in some appropriate proceeding. (*Swift* v. *City of Poughkeepsie*, 37 N. Y. 511; *Bank of Commonwealth* v. *Mayor*, 43 id. 184; *Marsh* v. *City of Brooklyn*, 59 id. 280; *Peyser* v. *Mayor*, 70 id. 497; *Wilkes* v. *Mayor*, 79 id. 621.)

But this rule does not apply to defects in the proceeding which render the assessment void for want of jurisdiction. (*Jex* v. *Mayor*, 103 N. Y. 536; *Matter of Merriam*, 84 id. 596.) The whole assessment in this case was not void, but so far as the expense for rock excavation entered into it we think it was. There can be no doubt, under the authority of the

above cases, that to the extent that this item entered into it, the court would have vacated or set it aside as having been imposed without legal authority. There was no power to impose a burden upon the plaintiff's property for the expense of rock excavation in the construction of a sewer until the cost of such work had first been ascertained and fixed by the process of competitive bidding pointed out by the statute. The object of the statute was to protect the property owned against fraud or extravagant prices for the work, and all the statutory safeguards designed to secure that end must be substantially complied with in order to obtain jurisdiction to impose the assessment. When the expense has been fixed by agreement between the contractor and the officers of the city, as in this case, in disregard of the plain requirements of the statute, there is no legal basis for the assessment, and no legal authority to make it. There is no distinction in principle between the case of an omission to advertise for bids and proposals for the work, prior to entering into the contract, and the case of an omission to procure the assent of the property owners to the construction of the work where such consent is required by the statute. Every substantial requirement of the statute intended for the benefit and protection of the property owners must be complied with or the assessment will be void. The plaintiff having paid the assessment in ignorance of these defects, it cannot be said that it was a voluntary payment. The defect consisted in the execution of a contract for the work without authority, and it did not appear upon the face of the assessment, but depended upon facts outside of it, so that the plaintiff in making the payment is not chargeable with notice of the invalidity of the assessment. (*Tripler* v. *Mayor*, 125 N. Y. 617; *S. C.*, 139 id. 1.)

The judgment must, therefore, be affirmed.

All concur, except Peckham, J., not sitting.

Judgment affirmed.