THERESA BOAS, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Recovery of an amount paid on a void assessment.*

Where a person has paid an assessment to a city for a local improvement, without knowledge or notice of the existence of facts rendering it void, he is entitled to recover from the city the sum thus paid.

APPEAL by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of November, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

*George L. Sterling*, for the appellant.

*James A. Deering*, for the respondent.

Per Curiam:

This action was brought to recover $255.61, the amount of an assessment on plaintiff's lots situated on One Hundred and Forty-seventh and One Hundred and Forty-eighth streets, levied on account of the construction of the Boulevard sewers. October 17, 1883, the plaintiff paid this assessment without knowledge or notice of the existence of the facts which, it is asserted, renders the assessment void.

Section 91, chapter 335, Laws of 1873, provides: "Whenever any work is necessary to be done to complete or perfect a particular job, or any supply is needful for any particular purpose, which work and job is to be undertaken or supply furnished for the corporation, and the several parts of the said work or supply shall together involve the expenditure of more than one thousand dollars, the same shall be by contract, under such regulations concerning it as shall be established by ordinance of the common council, *excepting such works now in progress as are authorized by law or ordinance to be done otherwise than by contract.*"

The exception in italics relates to particular works in progress April 30, 1873, when the statute took effect, which had then been authorized by law or ordinance to be done otherwise than by contract. Two conditions must have existed April 30, 1873, to bring the Boulevard sewer within the exception: (1) The work must have been in progress; and (2) it must have been "authorized by law or ordinance to be done otherwise than by contract."

It is admitted in the answer that the Boulevard sewers were wholly constructed by day's work and not by contract; that the expense thereof was more than $1,000, and that the common council of the city did not adopt an ordinance directing the said work to be done otherwise than by contract. The Boulevard is about five miles long, and for the purpose of constructing the sewers therefor it was divided into five sewer sections designated as 1 D, 2 C, 12 E, 13 B and 14 B.

Section 12 E extends from One Hundred and Sixth to One Hundred and Fifty-third streets and embraces the plaintiff's property.

This section was divided into three sub-sections. Work upon the sub-section which includes the plaintiff's property was not begun until after July 1, 1873, two months after the section above quoted of chapter 335, Laws of 1873, went into effect, although work upon one of the subdivisions of section 12 E was begun in August, 1872.

In *The Matter of French* (30 Hun, 83; affd., 93 N. Y. 634) an assessment upon property embraced within this particular sub-section for the construction of this sewer was vacated on the ground that the work had not been begun upon the sub-section prior to May 1, 1873, and that the fact that work had been begun upon another subdivision of section 12 E did not render the assessment valid. The case referred to, as held by the learned judge at Special Term, is decisive of the one at bar. (See, also, *Matter of Blodgett*, 91 N. Y. 117.) The plaintiff having paid the assessment without knowledge or notice of the existence of the facts rendering it void, is entitled to recover the sum paid. (*Mutual Life Ins. Co.* v. *Mayor,* 79 Hun, 482; affd., 144 N. Y. 494.)

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.