WATTS T. LOOMIS, Appellant, *v*. THE CITY OF LITTLE FALLS et al., Respondents.

LITTLE FALLS (CITY OF) — VALIDITY OF PROVISIONS OF CHARTER PROHIBITING MAINTENANCE OF ACTIONS TO SET ASIDE OR ANNUL ASSESSMENTS FOR LOCAL IMPROVEMENTS UNLESS COMMENCED WITHIN PRESCRIBED TIME AND IN COMPLIANCE WITH PRESCRIBED CONDITIONS. The legislature having power to absolutely prohibit an action to set aside, cancel or annul any assessment made for a local improvement, such power necessarily includes the power to prohibit the commencement of such an action unless specified conditions are complied with; it, therefore, had the power to enact the provisions of the charter of the city of

Little Falls (L. 1898, ch. 199, § 83, as amd. by L. 1899, ch. 289), providing that no such action shall be maintained by any person unless "commenced within thirty days after the delivery of the assessment roll and warrant for such local improvement to the city treasurer and notice by him in the official newspapers of the city of the receipt thereof, and unless within said thirty days an injunction shall have been procured by such person from a court of competent jurisdiction restraining the common council from issuing the assessment bonds hereinafter provided to be issued for such assessment," and such provision is valid and is a bar to any action not commenced within the time, and in compliance with the conditions, therein prescribed.

*Loomis* v. *City of Little Falls*, 66 App. Div. 299, affirmed.

(Argued June 22, 1903; decided October 6, 1903.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 21, 1901, reversing a judgment in favor of plaintiff entered upon the report of a referee and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. M. Mills* for appellant.    Plaintiff is not within the scope of the limitation prescribed by section 83 of the city charter.    The action is one to remove a cloud on title and the setting aside, canceling or annulling of the assessment which is sought is only to the extent that it forms a lien and cloud upon the title.    (*Scott* v. *Onderdonk*, 14 N. Y. 9; *Breman* v. *City of Buffalo*, 13 App. Div. 453; *Diefenthaler* v. *City of Rochester*, 111 N. Y. 331; *Trimmer* v. *City of Rochester*, 45 N. Y. S. R. 307; *Smith* v. *Reid*, 134 N. Y. 568; *Parmenter* v. *State*, 135 N. Y. 154; *Rockford* v. *Knight*, 11 N. Y. 308.)

*George J. O'Connor* for respondents.    This action was not commenced within thirty days after the delivery of the assessment rolls and warrant to the city treasurer and notice by him in the official papers of the receipt thereof, as required by section 83 of the city charter.    (L. 1899, ch. 289, § 83.)    The legislature had power to enact this statute and it was a valid exercise of their power.    (*Matter of Bridgeford*, 65 Hun,

227; *Astor* v. *New York*, 62 N. Y. 580; *Conde* v. *City of Schenectady*, 164 N. Y. 258; *Ensign* v. *Barse*, 107 N. Y. 329.)

PARKER, Ch. J.    The determination of the Appellate Division must be affirmed because this action was not commenced within the period provided by the city charter.

The complaint alleges in detail the omission of the local authorities to comply with certain requirements of the city charter in proceedings taken to build certain sewers and grade a portion of a street, the expense of which was assessed upon property owners benefited, which it was alleged rendered the assessment void; and the relief demanded in the complaint was

I. That all of the said taxes and assessments mentioned and described in the foregoing complaint be vacated and set aside.

II. That the defendants, their officers, agents, subordinates and employees, be enjoined and restrained from in any manner collecting or attempting to enforce the collection or payment of said taxes and assessments.

III. For such other or further judgment or relief that may be just and proper.

IV. For the costs of this action.

Section 83 of the city charter, as amended by chapter 199, Laws of 1898, and by chapter 289, Laws of 1899, provides in part as follows: " No action or proceeding to set aside, cancel or annul any assessment made for local improvement under any of the provisions of this act shall be *maintained by any person unless* such action or proceeding *shall have been commenced within thirty days* after the delivery of the assessment roll and warrant for such local improvement, to the city treasurer and notice by him in the official newspapers of the city of the receipt thereof, *and unless within said thirty days an injunction shall have been procured* by such person from a court of competent jurisdiction restraining the common council from issuing the assessment bonds hereinbefore provided to be issued for such assessment."

3

This action was commenced March 29, 1900, and more than 30 days after the delivery of the assessment roll and warrant for such local improvement to the city treasurer and notice by him in the official newspapers of the receipt thereof for the roll and warrant were delivered to him December 26, 1899, and notice of receipt was given by him as required by the charter January 4, 1900.

It is true, as the learned counsel for the plaintiff contends, that it is an acknowledged branch of equity jurisdiction to remove clouds from the title to real property, but the legislature has the power to deprive parties of that particular remedy. It may not deprive them of every remedy, but so long as an adequate remedy is afforded to a party injured the legislature acts within its authority when it deprives the courts of power to give relief in certain forms of actions.

In *Lennon* v. *Mayor, etc., of N. Y.* (55 N. Y. 361) the original assessment was invalid, but the court held that the assessment could not be vacated or canceled because section 7 of the act of 1872 provided that no assessment for local improvements " shall be vacated or set aside for omission," etc., including the omission which the court said invalidated the original assessment. The court said, Judge RAPALLO writing : " It was competent for the legislature to deprive the courts of the power to give this relief, and the parties of the benefit of this form of remedy. * * * If the assessment in question has not been effectually validated, the plaintiffs may resist its collection, or the title of any purchaser who may claim by virtue of a sale had under it. Their constitutional rights will then come directly in question. But no such right is violated by precluding them from taking the initiative to remove the apparent lien upon their property."

In *Mayer* v. *Mayor, etc., of N. Y.* (101 N. Y. 285) the court considered section 897 of the Consolidation Act, which forbade a suit in equity to vacate any assessment in the city, or remove a cloud on title, and it was held that the plaintiff could not have the specific relief which he sought, because denied to him by the statute.

To the same effect is *Matter of Bridgford* (65 Hun, 227), where the court in its opinion cites and comments upon a number of cases.

It is, therefore, settled by authority that it was within the power of the legislature to have provided by section 83 that no action should be brought to cancel, annul or set aside any assessments made for land improvements. But it did not go so far, and instead limited the bringing of such an action to a period of 30 days after the delivery of the assessment roll and warrant to the city treasurer, and notice by him in the official newspapers of the city of receipt thereof, and conditioned further that within such 30 days he procure an injunction restraining the common council from issuing the assessment bonds.

The reason for requiring the commencement of the action and the granting of an injunction is apparent. The fact that no action has been brought when such a statute exists assures the would-be purchaser of the bonds that he is not in danger of being subjected to litigation in the event of purchase, and hence the bonds are likely to sell at a higher price than when there is some uncertainty about it.

But whether the reasons be adequate or not the power of the legislature to absolutely prohibit the bringing of such an action — which, as we have seen, is established — necessarily includes the power to prohibit the commencement of such an action unless specified conditions be complied with.

The order should be affirmed, and judgment absolute for defendant rendered on the stipulation, with costs.

O'Brien, Bartlett, Vann, Cullen and Werner, JJ., concur; Martin, J., absent.

Order affirmed, etc.