OAK HILL COUNTRY CLUB, Respondent, *v.* THE TOWN OF PITTSFORD et al., Appellants.

134

(Argued March 14, 1934; decided April 17, 1934.)

*Franklin H. Smith* for The Town of Pittsford et al., appellants. Section 9 of chapter 549 of the Laws of 1926, as amended, barred the action brought by the plaintiff. (*N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165; *Scudder* v. *Mayor*, 146 N. Y. 245.) The street improvement proceeding could not be set aside until the proof established that the Town Board had no jurisdiction over all of the locus of the road, and the plaintiff was not entitled to judgment setting it aside as to itself and its land, in the absence of such proof. (*Monroe County* v. *City of Rochester*, 154 N. Y. 570; *Porter* v. *Purdy*, 29 N. Y. 106; *Roderigas* v. *East River Sav. Institution*, 63 N. Y. 460; *Hoffeld* v. *Buffalo*, 130

N. Y. 387; *Orange County Traction Co.* v. *Newburgh*, 86 Misc. Rep. 512; *U. S. Trust Co.* v. *Mayor*, 144 N. Y. 488; *People* v. *Sutherland*, 252 N. Y. 86; *Hodds* v. *Inhabitants of Lowell*, 19 Pick. 405; *Johnson* v. *Niagara Falls*, 230 N. Y. 77; *Palmer* v. *East River Gas Co.*, 101 N. Y. Supp. 347; *United States* v. *N. Y. & O. S. S. Co.*, 216 Fed. Rep. 61; *Hunt* v. *Hunt*, 72 N. Y. 217; *Matter of Skinkle*, 221 App. Div. 682.)

*Marvin R. Dye* for Harry J. Bareham, as Treasurer of the county of Monroe, et al., appellants. Jurisdiction having been obtained by the Town Board, all errors in the proceeding must be attacked directly by the methods and within the time prescribed by the statutes and cannot be questioned collaterally. (*N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165.)

*Percival D. Oviatt* for respondent. Chapter 549 of the Laws of 1926 gave to the Town Board no power or jurisdiction to improve any area except a street. (*Theobold* v. *L., N. O. & T. Ry. Co.*, 66 Miss. 279; *Sachs* v. *City of Sioux City*, 109 Iowa, 224; *Curtin* v. *Chicago*, 262 Ill. 564; *People ex rel. Williams* v. *Haines*, 49 N. Y. 587; *Tredwell* v. *Brooklyn*, 11 App. Div. 224; *Richter* v. *Mayor*, 24 Misc. Rep. 613; *Matter of Rhinelander*, 68 N. Y. 105; *Matter of Cheesebrough*, 78 N. Y. 232; *Copcutt* v. *City of Yonkers*, 59 Hun, 212.) The area of the road owned by the plaintiff was never and is not now a public highway. (*Flack* v. *Village of Green Island*, 122 N. Y. 107; *Matter of City of New York [West 172d Street]*, 171 App. Div. 242; *Klug* v. *Jeffers*, 88 App. Div. 246; *Lehigh & H. R. R. Co.* v. *Village of Warwick*, 164 App. Div. 55; *Holdane* v. *Village of Cold Spring*, 21 N. Y. 474; *Niagara Falls Susp. Bridge Co.* v. *Bachman*, 66 N. Y. 261; *Newton* v. *Dunkirk*, 121 App. Div. 296.) The Town Board not having acquired jurisdiction, its void proceedings may be attacked collaterally in equity. (*National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *People ex rel.*

*Erie R. R. Co.* v. *Tax Comm.*, 246 N. Y. 322; *Jex* v. *Mayor*, 103 N. Y. 536; *Bruecher* v. *Village of Port Chester*, 101 N. Y. 240; *Dale* v. *City of New York*, 71 App. Div. 227; *Ross* v. *Supervisors of Cayuga County*, 38 Hun, 20; *Van Deventer* v. *Long Island City*, 139 N. Y. 133; *People ex rel. D. & H. C. Co.* v. *Parker*, 117 N. Y. 86.) There is no Statute of Limitations which applies. (*Ford* v. *Clendenin*, 215 N. Y. 10; *Schoener* v. *Lissauer*, 107 N. Y. 111; *Miner* v. *Beekman*, 50 N. Y. 337; *Galway* v. *M. E. R. Co.*, 128 N. Y. 132; *N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165; *Jex* v. *Mayor*, 103 N. Y. 536; *People ex rel. D. & H. C. Co.* v. *Parker*, 117 N. Y. 86; *Van Deventer* v. *Long Island City*, 139 N. Y. 133; *Diefenthaler* v. *Mayor*, 111 N. Y. 331.)

CRANE, J. East Avenue Estates, in so far as pertains to this proceeding, are bounded on the east by East avenue and on the other three sides by Kilbourn road, which surrounds them. The Oak Hill Country Club is to the west separated from the estates by the Kilbourn road. The East Avenue Estates is or was a land development in the town of Pittsford, Monroe county, laid out by Grafton Johnson. On October 6, 1922, he filed a subdivision map, called the Herschell map, of his lands, known as East Avenue Estates in the Monroe County Clerk's office, upon which he designated Kilbourn road by appropriate lines and by name, including within the lines a strip of his land eighty feet wide from X on East avenue to point U, then forty feet wide on the easterly side of the center line, which is identified by the points U, V, S and N, and again eighty feet wide from point N to point B on East avenue. Thereafter Johnson sold lots fronting on said road to divers persons and sold them by reference to the map. This, together with his acquiescence in the public improvement made in the street, amounted to a dedication thereof to street purposes. (*People* v. *Underhill*, 144 N. Y. 316.) The part of the road which narrowed to forty feet was in front of the Oak

Hill Country Club. In other words, its property adjoined the Kilbourn road at the point where it was forty feet wide.

On the 10th of August, 1926, a petition was presented to the Town Board of Pittsford, signed by Johnson and others, wherein the Board was asked to improve Kilbourn road by the construction thereon of a pavement thirty feet in width with curbs, culverts and other improvements under the authority of sections 1 to 14 of chapter 549 of the Laws of 1926. The Oak Hill Country Club was not one of the petitioners. The petition was granted, the improvement constructed at a cost of $185,650.52, the apportionment and assessment against the Oak Hill Country Club as an adjoining owner being $42,228.68. Upon due notice the Town Board held meetings to hear and determine all objections to the assessments. Bonds were issued payable over a period of years to meet the cost of this improvement, and as each year's series became due a proportionate amount was charged up to the Oak Hill Country Club against its assessment and will continue to be charged with the maturity of the bonds.

The justice found as a fact that the petition for the improvement and map annexed thereto did not indicate by monument, description or otherwise, whether or not the area thereon designated as Kilbourn road is or is not entirely upon the lands lying to the east of the east boundary line of the lands of the Oak Hill Country Club, i. e., it did not show that it was on the club's property. Another finding states that the club did not discover until September, 1928, that Kilbourn road had been laid out and improved as a public street beyond the line of Johnson's dedication and partially on its own, the club's, property.

This proceeding has been brought to remove this assessment as void for want of jurisdiction in the Town Board. The whole proceeding is not to be declared illegal, only that part which relates to the plaintiff's assessment. In so far as jurisdiction to improve the other

portions of Kilbourn road is concerned it is conceded. To the north and to the south Kilbourn road was legally improved under this act of 1926. So as to that portion of the road in front of the club's property which was not part of it. However, as the club has now discovered that the highway extends partly over on its property it believes the town to have acted without jurisdiction and the assessment apportioned to it to be void. Should we consider for the moment that the Town Board did not have jurisdiction a remedy is provided by the statute for the correction of such an error. Laws of 1926, chapter 549 (McKinney's Unconsolidated Laws, Supp. p. 175), is an act to provide for the improvement of streets in towns. The Town Board of any town may upon petition of the owners of taxable real property representing a majority of the linear feet of tangible real property fronting or abutting upon any street improve the same at the expense of the abutting owners. Hearings are to be held after notice to all such property owners. After the work is completed and the Town Board has ascertained the total cost, it shall apportion and assess the expenses thereof upon the property fronting or abutting upon the street as specified in the act. Notice of the assessment shall be given. " The town board shall meet at the time and place specified in said notice, and shall hear and determine all objections made to said apportionment and proposed assessment." (§ 9.) Within five days after said hearing the board shall make and file with the town clerk its final assessment. Section 9 (as amd. by Laws 1927, ch. 637) is the one to which we now give attention. ." No action or proceeding shall be maintained to set aside, vacate, cancel, annul, review, reduce or otherwise test or affect the legality or validity of any such assessment unless such action or proceeding shall be commenced within thirty days after the filing of said final assessment-roll with the town clerk."

No words could be plainer. This action has been

commenced to set aside and annul this assessment but not within the time limit. The respondent says that this provision does not apply because the Town Board did not have jurisdiction and that such fact may be shown collaterally at any time, citing *People ex rel. Erie R. R. Co.* v. *Tax Commission* (246 N. Y. 322). In the *City of Yonkers* case ( *N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165) we held that it was competent for the Legislature to provide a reasonable remedy even to review jurisdictional questions. On page 174 we take up the matter with the opening sentence: " However this may be, the plaintiff cannot succeed in an action like this even though the assessors were without jurisdiction." We refer to the provisions of the Second Class Cities Law (Cons. Laws, ch. 53), quoting section 165 thereof, wherein the first sentence is approximately the same as that quoted from section 9 above of the act of 1926, chapter 549, as amended. A remedy is then provided to review the jurisdictional objections by application to the Supreme Court within twenty days after confirmation of the assessment. We held this provision binding upon one having notice of the proceeding. The reason for the decision need not be restated. This special reference to jurisdictional objections in section 165 of the Second Class Cities Law, however, was not the *rationale* of the decision, as the words, no action or proceeding shall be maintained to set aside, vacate, cancel, etc., the assessment or tax would have covered a jurisdictional objection as well as any other illegality. The point is that to a party to the proceeding, one having notice and knowing full well what is going on, the Legislature has given a remedy to review all defects, even jurisdictional ones, but they must be presented within the time limited or not at all. The *Erie Railroad Co. Case* (*supra*), while holding that lack of jurisdiction made an assessment void, decided nothing regarding the requisite remedy to bring up the question. In fact, that case came up on an order of certiorari

to review the assessments or a motion to quash the orders.

Note, however, should be taken of the nature of this limitation. It applies to an action or proceeding to set aside the assessment. Whether it would prevent the club from pleading all the facts as a defense in an action or proceeding to collect the tax, we will not consider. (See *Loomis* v. *City of Little Falls*, 176 N. Y. 31, p. 34.) Again, we must remember that this in no way affects the title to property. The assessment is on the property but the fee remains just where it always has been, in the Oak Hill Country Club. Property cannot be taken for a public road without an owner's consent, except by power of eminent domain — condemnation and compensation.

However, we do not hold that the Town Board was without jurisdiction in this street improvement proceeding under the law to which reference has been made. Part of the road in front of the club's property concededly was a public road. I say concededly, when it might be better to say that the evidence and findings justify the statement that part of Kilbourn road in front of the plaintiff's property had been dedicated by Johnson as a public road. All other portions of the road both to the north and south of East Avenue Estates were a public highway of the town of Pittsford. The town had jurisdiction to improve this road such as it was. The trouble has been caused not for lack of jurisdiction but from including part of the club property in the road. The whole proceeding was not irregular or void; the improvement took in too much road. The plaintiff had notice of the undertaking but apparently was not cognizant of the exact location of its eastern boundary. Because part of the road stretched over this line does not invalidate the action of the Board. These are the errors and mistakes which should be corrected at the hearings; for such a purpose owners receive notice. Even had objection been timely made and Kilbourn road kept off plaintiff's property, yet this does not lead to the

conclusion that the plaintiff's property would not have been assessed. It fronted and abutted upon Kilbourn road, wherever the road was, and thus could be assessed for the improvement of the road confined and located within its proper lines as a public street. The assessment, considering the extent of the improvement, might not have been much less.

The judgments below should, therefore, be reversed and the complaint dismissed, with costs in all courts. (See 264 N. Y. 672.)

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.