CLARENCE O. LEWIS, Respondent, *v.* CITY OF LOCKPORT, Appellant.

Argued December 7, 1937; decided January 11, 1938.

The following question was certified:
" Is the defendant entitled to judgment on the pleadings? "

Alfred W. Brimm, Corporation Counsel (Daniel J. Kenefick, Jr., and Daniel J. Kenefick of counsel), for appellant. The failure of the respondent to pursue the remedy conferred by the charter (L. 1911, ch. 870) bars his right to maintain the action. (Matter of Schroeder, 187 N. Y. Supp. 680; Matter of Allen Square Co. v. Krieger, 217 App. Div. 123; N. Y. C. & H. R. R. R. Co. v. City of Yonkers, 238 N. Y. 165; Oak Hill Country Club v. Town of Pittsford, 264 N. Y. 133; Loomis v. City of Little Falls, 176 N. Y. 31; Jamaica & Brooklyn Road Co. v. City of Brooklyn, 123 N. Y. 375; MacLaury v. Hart, 121 N. Y. 636; Heiser v. Mayor, 104 N. Y. 68; People v. Wasson, 64 N. Y. 167; McCall v. City of Rochester, 44 Misc. Rep. 129; Singer Sewing Machine Co. v. Benedict, 229 U. S. 481; Indiana Mfg. Co. v. Koehne, 188 U. S. 681; Moore v. City of Yonkers, 235 Fed. Rep. 485; Filiau v. Hartford, 94 Conn. 510; Goodwin v. Millville, 75 N. J. Eq. 270; People ex rel. Crane v. Hahlo, 228 N. Y. 309; People ex rel. D., L. & W. R. R. Co. v. County Court, 152 N. Y. 214; Ford v. Clendenin, 215 N. Y. 10; Schoener v. Lissauer, 107 N. Y. 111.) The alleged defects in the assessment upon which respondent relies are not sufficient to invoke the interference of equity. (Matter of Kiernan, 62 N. Y. 457; People ex rel. Brownell v. Board of Assessors, 193 N. Y. 498; Mansfield v. City of Lockport, 24 Misc. Rep. 25; Menzie v. City of Greensburg, 85 N. E. Rep. 484; Tumwater v. Pix, 18 Wash. 153; Sikora Realty Corp. v. City of New York, 262 N. Y. 312; Friedman & Son, Inc., v. City of New York, 262 N. Y. 665; People ex rel. Harway Impr. Co. v. Berry, 139 Misc. Rep. 614; 233 App. Div. 851; 258 N. Y. 590; Y. W. C. A. v. City of New York, 220 App. Div. 49; 247 N. Y. 591; Y. W. C. A. v. City of New York, 217 App. Div. 406; 245 N. Y. 562.) Equity should not

intervene unless the remedy which it gives will afford complete justice to all parties. (*N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers,* 238 N. Y. 165; *N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo,* 67 Misc. Rep. 642; *State Railroad Tax Cases,* 92 U. S. 575.)

*J. Carl Fogle* for respondent. An action to remove an assessment as a cloud upon title can be maintained where it appears that the proceedings are regular on their face but are invalid because of defects outside of the record which can only be shown by extrinsic evidence. (*Bussing* v. *City of Mt. Vernon,* 198 N. Y. 196; *County of Monroe* v. *City of Rochester,* 154 N. Y. 570; *Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87.) The right to appeal provided in the city charter is not exclusive and does not prevent the plaintiff from maintaining an action to remove the assessment as a cloud on title. *City of Rochester* v. *14th Ward Co-Op. B. L. Assn.,* 183 N. Y. 23; *People ex rel. N. Y. M.-M. T. Co.* v. *Gaus,* 198 N. Y. 250; *Morse* v. *Press Pub. Co.,* 71 App. Div. 351; *Brennan* v. *City of Buffalo,* 13 App. Div. 453; *Kinnan* v. *42nd St. Ry. Co.,* 140 N. Y. 183; *Pierpont* v. *Farnum,* 234 App. Div. 205.) The remedy sought by plaintiff has always been permitted where the assessment was illegal, in the absence of express prohibitory language in the local or special statute. (*McKechnie Brewing Co.* v. *Trustees,* 15 App. Div. 139; 162 N. Y. 631; *Brennan* v, *City of Buffalo,* 8 Misc. Rep. 178; 13 App. Div. 453; 162 N. Y. 491; *Bussing* v. *City of Mt. Vernon,* 198 N. Y. 196; *Mutual Life Ins. Co.* v. *New York,* 144 N. Y. 494; *Ogden City* v. *Armstrong,* 168 U. S. 224; *Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87; *Sikora Realty Corp.* v. *City of New York,* 262 N. Y. 312; *Matter of Ransom,* 87 Misc. Rep. 1; *Pittsburgh, A. & M. Ry. Co.* v. *Township of Stowe,* 252 Penn. St. 149; *Charlotte* v. *Brown,* 165 N. C. 435; *Manning* v. *City of Ames,* 192 Iowa, 998.) The defects in the assessment were not irregularities but were jurisdictional. (*Mutual Life Ins. Co.* v. *Mayor,*

144 N. Y. 494; *Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87; *Jex* v. *Mayor,* 103 N. Y. 536; *National Bank* v. *City of Elmira,* 53 N. Y. 49.)

FINCH, J.   An ordinance providing for an assessment for local improvements involving the construction of a drain and sewer pipe was adopted by the Council of the city of Lockport in 1927.   It ordained that the expense of the improvement, aside from a portion to be borne by the city as a whole, was to be defrayed by an assessment on the real property benefited.   The assessment was confirmed by the Council in 1929.

This equity action to remove a cloud on title and to recover partial payments made on the assessments, was instituted in 1935 by one of the property owners thus assessed.   The complaint alleges that, although the assessment appears to be valid on its face, it was in fact illegal and void by reason of certain matters, the most outstanding of which is that extra compensation was awarded to the contractor for rock excavation without competitive bidding.   The original competitive bid and contract price was $95,000, but the sum ultimately paid was $195,000.   The answer, among other things, alleges that the charter of the city of Lockport provides for the method and manner of appeal from such an assessment and affords an adequate remedy at law.   On this ground Special Term granted a motion by defendant for judgment on the pleadings, and dismissed the complaint.   The Appellate Division reversed.

The charter of the city of Lockport (Laws of 1911, ch. 870), in so far as it is pertinent, reads as follows:

" An appeal may be taken within twenty days from the time of the first publication of every ordinance directing any local improvement, to the county court of the county of Niagara; and in case the county judge of said county shall be interested in any such local improvement, he shall certify such appeal to the supreme court of the judicial district in which said city is located.   An appeal may in

like manner be taken to said county court or supreme court from any local assessment and the order confirming the same within twenty days from the confirmation of such assessment." (§ 246).

" § 249. Determination on appeal. Upon the hearing of the appeal the appellate court shall hear and determine all questions as to the legality or regularity of the matter or proceedings appealed from, and if such matter or proceedings appear to be not in accordance with law, said appellate court shall give judgment setting aside, vacating and annulling the same, and the same shall thereafter be held and deemed illegal and invalid; but if such matter or proceedings appear to be in accordance with law, said appellate court shall give judgment affirming the same; provided, however, that if an assessment for a local improvement, or any order confirming such assessment, be so vacated and set aside on account of any irregularity in the proceedings or defect in levying the same, it shall be lawful for the common council to cause a new assessment for such improvement to be made and collected in the manner hereinbefore in this article provided."

This provides a taxpayer with a complete and expeditious remedy for all improper assessments, whether they involve mere irregularities or jurisdictional defects. The question to be determined is whether, despite the existence of an adequate and expeditious remedy which provides all necessary relief, a property owner may allow to run the time to appeal provided by the charter, and nevertheless subsequently bring an action in equity to have the assessment set aside.

Since this case is before us on a motion for judgment on the pleadings, we must accept plaintiff's allegations as true and, therefore, we will assume that the defects alleged were jurisdictional and not mere irregularities. (*Mutual Life Ins. Co.* v. *Mayor*, 144 N. Y. 494.) There are numerous cases holding that where the defect in the assessment is a mere irregularity, relief may be had only

by following the statutory procedure. (*United States Trust Co.* v. *Mayor*, 144 N. Y. 488; *Sikora Realty Corp.* v. *City of New York*, 262 N. Y. 312.) There are also many cases holding that for jurisdictional defects, the remedy by way of an equity action to remove a cloud on title is available. (*Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87; *McKechnie Brewing Co.* v. *Trustees of Vil. of Canandaigua*, 15 App. Div. 139; affd. on opinion below, 162 N. Y. 631. Cf. *Jex* v. *Mayor*, 103 N. Y. 536; *Mutual Life Ins. Co.* v. *Mayor*, *supra*.) The basic ground for affording equitable relief in such cases is clearly stated in *Strusburgh* v. *Mayor* (87 N. Y. 452), in which the court said:

" Three propositions may be regarded as established in the law as to taxation and assessments, by the courts of this State: First, An action in equity to vacate an assessment and restrain its collection cannot be maintained merely because the assessment is for any reason invalid or illegal. (*Heywood* v. *City of Buffalo*, 14 N. Y. 534; *Guest* v. *City of Brooklyn*, 69 id. 506.) This has its foundation principally in public policy. It would lead to great embarrassment and inconvenience if the collection of taxes and assessments were to be delayed by such actions. Second, An action at law cannot be maintained to recover back money paid upon an illegal assessment which the assessors had jurisdiction to impose, and which is not void upon its face, so long as the assessment remains unvacated and unreversed. (*Swift* v. *City of Poughkeepsie*, 37 N. Y. 511; *Bank of Commonwealth* v. *The Mayor*, 43 id. 184; *Marsh* v. *City of Brooklyn*, 59 id. 280; *Peyser* v. *The Mayor*, 70 id. 497; *Wilkes* v. *The Mayor*, 79 id. 621.) This is so because the action of the assessors is regarded as judicial, and because the assessment is regarded as in the nature of a judgment which cannot be attacked collaterally. The money paid upon the assessment in such a case is treated as if collected by virtue of a valid judgment which can be retained until the judgment is vacated or reversed. Third, An action can be main-

tained to vacate an assessment which is a lien upon land, and thus a cloud upon title, when the assessment is in fact invalid, and the invalidity does not appear upon the face of the assessment, and will not necessarily appear in any proceeding taken by a purchaser, under the tax sale for nonpayment of the assessment, to recover possession of the land. This is so, because in such a case the action comes under one of the recognized heads of equity jurisprudence.  *  *  *.

" No degree of vigilance which could have been expected or required of him would have enabled him before payment to discover the illegality in the assessment. *Unless, then, he can have equitable relief, there will be a wrong without a remedy — an absolute failure of justice.* Upon general principles of equity, then, we think he should have the equitable relief he seeks, against the obstacle interposed, in aid of the legal relief which he demands " (pp. 455, 456). (Italics interpolated.)

In the above case the court was dealing with a situation where the statutory procedure providing relief against improper assessments was limited to irregular assessments, and where to obtain relief from jurisdictionally defective assessments it was necessary to resort to equity. Where an adequate remedy at law is provided, the reason for granting equitable relief disappears. (*Delaware & Hudson Canal Co.* v. *Atkins*, 121 N. Y. 246. See *Southern Leasing Co.* v. *Ludwig*, 217 N. Y. 100.)

It is urged that an assessment which is jurisdictionally defective is void and, therefore, is subject to collateral attack at any time. We have held, however, that if the Legislature provides a proper means for reviewing such assessments, such remedy may be exclusive. (*New York Central & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165; *Oak Hill Country Club* v. *Town of Pittsford*, 264 N. Y. 133. See *Loomis* v. *City of Little Falls*, 176 N. Y. 31, 34.) True it is that in these cases the statute expressly provided that it was to be exclusive, whereas in the case at bar the charter lacks such an express statement. The Legis-

lature might very well intend a remedy to be exclusive without including a specific provision to that effect. In determining the intention of the Legislature, we must keep in mind that we are dealing with matters of taxation. Unless the statutory remedy is exclusive, a property owner may delay many years before instituting action to set an assessment aside as a cloud on title. (See *Schoener* v. *Lissauer*, 107 N. Y. 111, 117; *Ford* v. *Clendenin*, 215 N. Y. 10, 16.) In this very case there was a delay of six or seven years between the confirmation of the assessment and the institution of the action. Such a delayed attack, if successful, tends to disrupt budgets and tax plans. To prevent this, most statutes providing a method for obtaining relief from improper assessments or taxes, fix a limited period during which relief may be sought. In the case at bar it is twenty days from the first publication of the ordinance and also twenty days from the confirmation of the assessment. Two effective opportunities are thereby given to appeal, one at the time the proceeding is initiated and the other when the assessment is confirmed. Thus the remedy is not only complete but expeditious. Where such a statute applies, one should not be permitted to sit by and, long afterward, come forward and ask a court of equity to relieve him from the tax. That the charter provision was intended to be exclusive can be seen from the fact that the remedy it affords is complete, covering all situations, and from the further provision that, if an assessment be vacated, the Common Council may cause a reassessment to be levied. Where the speedy charter remedy is followed, there will be no difficulty in making the reassessment. Where, however, many years elapse before the assessment is set aside, a reassessment may be impossible or, because of changed conditions, may be unfair to those who own the realty at that time. If for any reason reassessment is impossible, the burden of a local improvement which should have been borne by those benefited is cast upon all taxpayers.

The cases which hold that the equitable remedy is available where the defect is jurisdictional, all seem to have arisen where the existing statutory remedy afforded no relief because not applicable to jurisdictional defects, or under statutes which clearly showed that they were not intended to be exclusive. In the case at bar, a reading of the charter provision reveals that it is implicit with the intention to provide an exclusive remedy. This construction is not shaken by the fact that the charter provides that " an appeal *may* be taken " and does not employ the imperative " must." In this statute it is evident that the alternative afforded by the use of the word " may " is between seeking relief or submitting to the assessment.

The case at bar, of course, must be distinguished from one in which relief from taxation is sought because, in so far as the statute is applicable to the protesting taxpayer, the entire statute is unconstitutional. (*New York Rapid Transit Corp.* v. *City of New York*, 275 N. Y. 258.) A provision in a tax statute establishing the procedure for recovering taxes illegally collected, normally is not intended to apply where the claim is made that the statute is entirely unconstitutional as applied to that taxpayer. In the case at bar, however, there is no claim that the imposition of an assessment was unconstitutional, the challenge being on the ground that jurisdictionally defective procedure was followed in making the assessment.

The order of the Appellate Division should be reversed, and the judgment of the Special Term affirmed, with costs in this court and in the Appellate Division. The certified question is answered in the affirmative.

CRANE, Ch. J., O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; LEHMAN, J., concurs in result; RIPPEY, J., concurs for reversal on the ground that plaintiff has been guilty of laches.

Ordered accordingly.