## In re HOTEL MARTIN CO. OF UTICA.

### No. 375.

Circuit Court of Appeals, Second Circuit.
July 22, 1940.

Bartle Gorman, Corporation Counsel, of Utica, N. Y. (Bartle Gorman and Daniel B. Myers, both of Utica, N. Y., of counsel), for appellant City of Utica.

August Merrill and S. Sheldon Judson, both of Utica, N. Y., for trustee-appellee William M. Martin.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The Hotel Martin Company of Utica (hereinafter called the Company) is being reorganized under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Pursuant to proceedings taken, Revised Local assessment No. 72 Series of 1926 for paving the new street on the Abandoned Canal Lands in the City of Utica was levied on the properties affected by the local improvement, a part of which assessment it is alleged was improperly imposed on the premises of the Company. The latter paid the first instalment due August 10, 1927, but failed to pay the instalments due August 10, 1928, August 10, 1929, August 10, 1930, August 10, 1931, and August 10, 1932, which left a balance due the City of $3,779.25, and interest.

William M. Martin was appointed permanent trustee of the debtor and on August 12, 1935, gave notice to creditors to file proof of claims with the trustee. On August 27, 1936, the latter filed a petition in the District Court praying that a master be appointed to take proof as to the validity and amount of the claim of the City for the assessment for paving Oriskany Street East, which involved the question whether such street abutted on the premises of the Company and whether the assessment was valid or invalid.

The master reported that the street paved did not abut on the premises of the Company and that both the assessment and the claim against the Company were, therefore, illegal and void. The District Court confirmed this finding and conclusion.

This is an appeal by the City of Utica from the order of the District Court which determined that the paving assessment levied by the City against the premises of the Company was illegal and void and dismissed the claim of the City against the latter.

The court below proceeded upon the ground: (1) that the street paving assessment was illegal because no part of the property of the Company abutted on the street for the paving of which the assessment was imposed, and (2) that the statute of limitations barred the City from asserting a claim against the Company for taxes.

The City contends (a) that the premises of the Company abut upon the street for which the paving assessment was levied, (b) that the assessment was valid, and (c) that the statute of limitations barred the Company from objecting to the assessment.

It is unnecessary for us to determine whether Oriskany Street East abuts

on the property of the Company for the reason that the assessment for the paving of that street, whether or not it abuts thereon, was levied on the premises of the Company and the latter took no steps to set it aside within thirty days after the delivery of the assessment list to the Treasurer of the City. The failure of the taxpayer within that time to attack the assessment levied in 1926 bars any subsequent action on its part to invalidate the tax because of the provisions of Article VII, Section 31 of the Utica City Charter. This is so even if the assessment was invalid because the street for the paving of which it was laid did not abut on the premises of the Company and if for that reason the City lacked jurisdiction to levy it.

Section 31 of Article VII reads as follows: "No action to set aside, cancel or annul any assessment made under the provisions of this subdivision shall be maintained by any person unless such action shall have been commenced within thirty days after the delivery to the city treasurer of the city of Utica of the assessment list, and unless within said thirty days an injunction shall have been procured by such persons from a competent jurisdiction restraining the common council from issuing the deferred assessment bonds hereinbefore provided to be issued for such assessment."

The right of the City to collect the assessment by any remedy operating in personam was undoubtedly barred by Article V, Section 14 of the Charter (Laws of New York 1923, Chapter 658) which provided as follows: "The city shall have power to collect by civil action, any tax or assessment imposed pursuant to the provisions of this act against any person or corporation, which shall be returned by the delinquent tax clerk as unpaid, in whole or part; but such action must be commenced within two years after such return by the delinquent tax clerk."

Many years elapsed after the default mentioned in the foregoing section occurred. The City, however, has not attempted to collect the assessment by an action in personam but only seeks to sustain its lien in a reorganization proceeding in which the trustee of the Company brought it in to determine that very matter. The Company had the opportunity to object to the assessment before it was laid and to sue to set it aside within the time provided in Section 31 of Article VII of the Charter and, under repeated rulings of the New York Court of Appeals, the assessment cannot now be questioned even if the City acted beyond its jurisdiction in levying the tax on the Company's premises because Oriskany Street East was not adjacent to the latter's lands. The Company had every opportunity to get rid of the assessment if it was unfair or beyond the jurisdiction of the City before it became a settled factor in the municipal budget and thus a matter of reliance on the part of both the City and the holders of its financial obligations. Lewis v. City of Lockport, 276 N.Y. 336, 337, 12 N.E.2d 431; Oak Hill Country Club v. Town of Pittsford, 264 N.Y. 133, 190 N.E. 321; New York C. & H. R. R. Co. v. City of Yonkers, 238 N.Y. 165, 144 N.E. 490.

It may not be necessary to say that the Company could not have raised the defense of lack of jurisdiction in a suit brought by the City to enforce its tax lien. Possibly this was left open by the Court of Appeals in Oak Hill Country Club v. Town of Pittsford, 264 N.Y. at page 140, 190 N.E. 321, although the caveat of Judge Crane would seem only to relate to defenses to actions brought in personam to collect taxes. We can discover nothing in Judge Crane's opinion, or in the statute, which enables a taxpayer to attack an assessment lien where he has had an opportunity to do this by action brought within a prescribed period and has neglected to pursue his remedy, and then, as in the present case, seeks after ten years to establish a mistake as to the title of the street adjoining the premises on which the assessment was levied. The lien has survived the attack made upon it in the proceeding to bar claims and may properly be recognized in the reorganization.

For the foregoing reasons we direct that an order be entered reversing the order of the court below which held the lien illegal and void.

Order reversed.

L. HAND, Circuit Judge (concurring).

I agree altogether with the opinion in chief, but it seems to me that—against the possibility that our ruling may cause confusion hereafter—we should notice a point, not raised by either side: i. e. whether a bankruptcy court is foreclosed in a corporate reorganization from reexamining the validity of tax which has been conclusively

fixed as against the debtor. It is well-settled that under § 64, sub. a (4), 11 U.S. C. A. § 104 sub. a. (4), the court may and must do just this, regardless of its finality against the bankrupt. Remington on Bankruptcy, §§ 2804, 2805. This has been thought to follow from the language of that section: "in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court." I am not sure whether this would apply to an assessment like this; so far as I can find, the point has never arisen. But § 64 (a) does not apply to a reorganization under § 77B or Chapter X (Subdivision k so provides for § 77B; and § 102, 11 U.S.C.A. § 502, for Chapter X); it determines only the distribution of an estate in liquidation. There is therefore no reason why an existing estoppel against the debtor as to a tax lien should not be as conclusive as, any other estoppel; or why the debtor should be relieved of the consequences of its conduct in this particular instance alone.