■ Geoffrey Bond et al., Appellants-Respondents, v Thomas
A. Turner et al., Respondents-Appellants, and Village of Lake-
wood, Respondent. [911 NYS2d 557]—

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered June 22, 2009 in a declaratory judgment action. The order and judgment determined the parameters of a certain right of way.

It is hereby ordered that the order and judgment so appealed from is modified on the law by vacating the 2nd through 5th, 7th and 10th decretal paragraphs and granting judgment in favor of plaintiffs as follows:

It is ordered, adjudged and decreed that Lake Street is a 50-foot-wide public street by dedication as more particularly described in the survey prepared by Abate Associates Engineering and Surveyors PC dated August 4, 2008, that plaintiffs' property abuts Lake Street and thus, by operation of law, plaintiffs have the right to access the public street from their properties, and that the improvements constructed by defendants impede the rights of plaintiffs to access Lake Street from their properties and as modified the order and judgment is affirmed without costs and the matter is remitted to Supreme Court, Chautauqua County, for further proceedings in accordance with the following memorandum: In this declaratory judgment action, plaintiffs appeal and defendants cross-appeal from an order and judgment that established plaintiffs' easement rights with respect to a right-of-way over defendants' property, including the width of that right-of-way. We agree with the contentions of plaintiffs and modify the judgment accordingly.

The parties are owners of three contiguous parcels of real property. According to plaintiffs, they have a 50-foot-wide easement over defendants' property, with the easement running along the northern boundary of the parcel owned by plaintiff Sally T. Bootey. Also according to plaintiffs, the easement is a public street, named "Lake Street." Defendants acknowledge that plaintiff Geoffrey Bond has a right-of-way over their property but deny that Lake Street is a public street. Plaintiffs commenced this declaratory judgment action shortly before defendants began constructing a shed along the northern edge of Bootey's property.

We note at the outset that defendants are estopped from deny-

ing that plaintiffs have easement rights in Lake Street by operation of law because their land abuts a public street. Defendants purchased their property with constructive, if not actual, notice that it was burdened with a public easement (*see Pallone v New York Tel. Co.* [appeal No. 1], 34 AD2d 1091 [1970], *affd* 30 NY2d 865 [1972]; *Goldstein v Jones*, 32 AD3d 577, 582 [2006], *lv dismissed* 8 NY3d 939 [2007]).

We further agree with plaintiffs in any event that Lake Street became a public street by dedication. Contrary to the position of the dissent, the record demonstrates that the original grantors intended to dedicate to the public a 50-foot right-of-way over defendants' property. At the time the original grantors conveyed the relevant parcels, two subdivision maps had been filed: one in September 1874 and one in November 1875. The 1874 map referenced the relevant parcels by lot numbers but did not depict Lake Street. The 1875 map was virtually identical to the 1874 map, the relevant difference being that Lake Street was depicted as a 50-foot right-of-way running along the northern boundary of the Bootey parcel. Although the deeds in the chains of title of the relevant parcels reference only the 1874 map, the 1875 map was filed when the original grantors of the subdivision owned the relevant parcels. Further, in September 1874, the original grantors conveyed the Bootey parcel and described the parcel by referencing the subdivision lot numbers and describing the parcel as being bounded on the north by a proposed boulevard. In every conveyance of the Bootey parcel thereafter, the deeds described the parcel in a similar manner. The conveyances from the original grantors of the Turner parcel also reserved to others "all rights[-]of[-]way" over that parcel. The 1875 map is therefore consistent with the 1874 map showing the layout of lots and streets, with the one exception of Lake Street, and is consistent with the original grantors' intent to create a street along the northern boundary of the Bootey parcel. Thus, the filing of the 1875 map "furnishes some evidence" of the grantors' intent to dedicate Lake Street for public use (*Village of E. Rochester v Rochester Gas & Elec. Corp.*, 289 NY 391, 396 [1943]; *see People v Brooklyn & Queens Tr. Corp.*, 273 NY 394, 400-401 [1937]; *Oak Hill Country Club v Town of Pittsford*, 264 NY 133, 136 [1934], *rearg denied* 264 NY 672 [1934]). Nevertheless, we conclude that the combination of the 1875 map together with the descriptions of the Turner and Bootey parcels in the conveyances by the original grantors evinces the requisite unequivocal intent of the original grantors to dedicate Lake Street for public use. Even assuming that the unequivocal intent to dedicate cannot be discerned from the original grantors' deeds and maps, we conclude that such intent

was thereafter established when the parcels owned by defendants and Bootey were simultaneously conveyed in 1965, 1969 and 1973, subject to the rights of the public to Lake Street (*see generally Village of E. Rochester*, 289 NY at 395-396; *Matter of Common Council of City of Brooklyn*, 73 NY 179, 184 [1878]). Defendant Village of Lakewood (Village) accepted the dedication by maintaining and improving Lake Street as a public street (*see Oak Hill Country Club*, 264 NY at 136).

As owners of land adjoining a public street, plaintiffs possess, "as an incident to such ownership, easements of light, air and access, from and over the [street] in its entirety to every part of [their] land" (*Matter of Scoglio v County of Suffolk*, 85 NY2d 709, 712 [1995]). Here, defendants' construction of a retaining wall and a shed along the northern boundary of the parcel owned by Bootey impedes the rights of Bond and Bootey to light, air, and access to the entire 50-foot right-of-way and impedes the ability of Bootey to access Lake Street from her property. Thus, we remit the matter to Supreme Court for a determination of the appropriate equitable or legal relief to which plaintiffs are entitled based on the impedement of their rights (*see De Ruscio v Jackson*, 164 AD2d 684, 688 [1991]).

Lastly, we conclude that, contrary to the contention of the dissent, the court erred in declaring that Lake Street was only 15 to 20 feet wide. Even assuming, arguendo, that Lake Street is not a public street by dedication, we would nevertheless conclude that the record demonstrates that a 50-foot public right-of-way in Lake Street was established by way of prescription. The record is replete with evidence of consistent and unrestricted use of Lake Street for more than 10 years by the general public (*see* Highway Law § 189), while maps in the record indicate that the Village installed sewer lines along the remaining 30 to 35 feet of the right-of-way. In addition, deposition testimony in the record establishes that the County of Chautauqua maintains those sewer lines. Thus, the court erred in failing to include the 30 to 35 feet of defendants' property where the municipal sewer pipes are buried in the right-of-way.

All concur except Carni, J., who dissents in part and votes to modify in accordance with the following memorandum.

Carni, J. (dissenting in part). I respectfully disagree with the conclusion of my colleagues that Lake Street became a public street by dedication. While I agree that defendant Village of Lakewood acquired an easement by prescription over some portion of Lake Street, I also disagree with the conclusion that it is established on this record that such right-of-way extends beyond the area that has been historically paved and improved. Therefore, I dissent in part.

It is well settled that an offer of dedication of land for use as a public street may be made by a grantor's filing of a subdivision map designating certain land as a public street (*see Oak Hill Country Club v Town of Pittsford*, 264 NY 133, 136 [1934], *rearg denied* 264 NY 672 [1934]). However, in this case the 1874 map identified by the parties as the common grantors' subdivision map simply does not contain or describe any land set aside as "Lake Street." Although there is an 1875 map in the record that depicts "Lake Street," there is nothing in the record establishing any connection between that map and the original grantors. Thus, I disagree with the conclusion of my colleagues that "the original grantors intended to reserve a right-of-way over [the Turner defendants'] property."

I also disagree with the conclusion of my colleagues that the simultaneous ownership of the Turner parcel and that of plaintiff Sally T. Bootey, together with subsequent and separate conveyances thereof in 1965 through 1973, established the intent of the original grantors to dedicate Lake Street as a public street. The majority cites no authority for that proposition and relies upon *Oak Hill Country Club* (264 NY at 136) for the defendant Village's acceptance of the dedication by maintaining and improving Lake Street. While I agree that a municipality may impliedly accept an offer of dedication without a formal resolution of acceptance, *Oak Hill Country Club* is a case where a filed subdivision map expressed a clear offer of dedication with subsequent acceptance by improvement (*id.* at 136). In my view, the 1965 through 1973 conveyances, which were made subject to "the rights of the public in and to the right[-]of[-]way known as Lake Street," reflects an acknowledgment by the grantors at that time that the public had already acquired a right of way in "Lake Street" by "user" or prescription (*see* Highway Law § 189), in contrast to an offer of dedication to be accepted in the future by subsequent municipal improvement. In my view, the public acquired a right-of-way by prescription prior to 1965, and the Turner defendants concede as much on appeal.

In line with my analysis, the only remaining issue is the extent of the right-of-way acquired by defendant Village through prescription. When a public road is established by user or prescription, "its width is determined by the width of the improvement" (*Schillawski v State of New York*, 9 NY2d 235, 238 [1961]). I thus cannot agree with the conclusion of the majority that defendant Village or plaintiffs established on this record that the additional 30 to 35 feet beyond the paved area alleged to be the scope of the right-of-way was acquired by prescription.

Although the majority relies upon, inter alia, the installation of sewer lines as a basis upon which to expand the right-of-way beyond the 15 to 20 feet that has been historically paved and used by the public, there is no competent evidence in this record establishing exactly where and under what circumstances the sewer line was installed and other maintenance was performed. In my view, a photocopy of a survey map that purportedly shows the location of the sewer line, coupled with the general testimony of the Mayor of defendant Village that, when installed, the sewer lines "went down the right[-]of[-]way of Lake Street," is not competent evidence to establish prescriptive use of the additional 30 to 35 feet for the prescriptive period.

Finally, in large part because of the litigious history of these parties and the enormous consumption of judicial resources attendant to resolving the rights of the parties with respect to the right-of-way known as "Lake Street," I would merely modify the judgment by declaring in the appropriate decretal paragraphs that the right-of-way consists of the paved area to the full extent of its existing scope at its present location. Present— Martoche, J.P., Carni, Green, Pine and Gorski, JJ. ▮▮▮