# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**14**
**CA 13-00406**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

GEOFFREY BOND AND SALLY T. BOOTEY,
PLAINTIFFS-RESPONDENTS,

V                                                      MEMORANDUM AND ORDER

THOMAS A. TURNER, MICHELLE M. TURNER,
DEFENDANTS-APPELLANTS,
AND VILLAGE OF LAKEWOOD, DEFENDANT-RESPONDENT.

---

DAMON MOREY LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

GOODELL & RANKIN, JAMESTOWN (ANDREW W. GOODELL OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Chautauqua County
(Timothy J. Walker, A.J.), entered July 26, 2012.  The judgment, inter
alia, directed defendants Thomas A. Turner and Michelle M. Turner to
remove certain improvements from a right-of-way and awarded money
damages to plaintiff Sally T. Bootey.

It is hereby ORDERED that said appeal is unanimously dismissed
without costs.

Memorandum:  This Court issued an order on a prior appeal in this
case (*Bond v Turner*, 78 AD3d 1490, *rearg denied* 81 AD3d 1387), and
Thomas A. Turner and Michelle M. Turner (defendants) now appeal from
the ensuing judgment issued by Supreme Court.  Defendants
simultaneously moved in the Court of Appeals for leave to appeal from
the judgment, which would bring up for review our nonfinal order on
the prior appeal, and the Court of Appeals dismissed the motion for
leave to appeal "upon the ground that simultaneous appeals do not lie
to both the Appellate Division and the Court of Appeals" (20 NY3d 904,
904).  The Court of Appeals thereafter denied defendants' application
for leave to reargue that motion (20 NY3d 1021).  Defendants fail to
raise any challenge to the judgment, however, and contend only that
this Court erred with respect to our order in the prior appeal.  Thus,
defendants are in effect *again* moving for leave to reargue with
respect to the prior order by which they were aggrieved (*see Bond*, 78
AD3d 1490, *rearg denied* 81 AD3d 1387), inasmuch as they are not
further aggrieved by the judgment (*see generally Utility Servs.*

*Contr., Inc. v Monroe County Water Auth.*, 90 AD3d 1661, 1663, *lv denied* 19 NY3d 803).  We therefore dismiss defendants' appeal from the judgment (*see* CPLR 5511).

Entered:  February 14, 2014                      Frances E. Cafarell
                                                 Clerk of the Court